## PEARSON et al. *vs.* BAILEY.

23  537
127  369

1. When an agent lends out the money of his principal at a usurious rate of interest, the fact of the agency does not affect the illegality of the contract, or avoid the affect of the statute against usury.

2. If a contract is usurious in its inception, no renewal of the note, or other change in the form of the contract, can alter its original character, but the taint of usury follows it even into the hands of a *bona fide* holder, unless he receives it through the fraud of the maker.

3. If the borrower comes into equity for relief against a usurious contract, he will be compelled to pay the amount of the principal and legal interest thereon; and if the debt is secured by mortgage, the mortgage stands as a security for that amount.

ERROR to the Chancery Court of Tallapoosa.

Heard before the Hon. W. W. MASON.

THE bill was filed by Francis E. Bailey, the defendant in error, against James M. Pearson, Mary Pearson, Matthew Lyle and Mary D. C. Lyle. It alleges that, in 1842, complainant borrowed $300 from said James M. Pearson, at 16 per cent. interest, and to secure its payment executed to him several notes, with two sureties, amounting in the agregate to $348; that said notes were payable on the 25th of December, 1842, some of them to said James M. Pearson, and others to John M. Pearson; that when these notes became due, or shortly afterwards, complainant paid said Pearson $100 in Alabama Bank bills, which were then passing at a discount of 25 per cent., and received a credit of $75 therefor; that the original notes were taken up in the Spring of 1843, and in their stead complainant executed others, with one of his former sureties as co-maker with himself; that these notes were made payable to one John R. Slaughter, on Debember 25, 1843, and bore interest at the rate of 12½ per cent., amounting in the aggregate to $307; that Slaughter never possessed or owned these notes, but they were the property of James M. Pearson, and by him held and used; that on the 10th of October, 1845, after complainant had made several other payments on the notes, amounting in all to $70 or $80, he had another settlement with James M. Pearson, when it was found that the balance then due, including the usury, according to Pearson's method of accounting, amounted to $418; that the payment of this balance was then secured by the execution of two notes, each for $209, and a mortgage on a certain tract of land, containing a power of sale; that in December, 1847, complainant paid said Pearson $196 on these notes, and in February, 1848, the further sum of $25; that, upon a fair and legal accounting, complainant has more than paid off and discharged the amount of said original debt and the legal interest thereon; but said Pearson, claiming that a large amount is still due to him from complainant, has advertised said land for sale under said mortgage, and is proceeding to sell the same.

James M. Pearson was the only defendant to the original bill. The prayer is for an injunction against the proceedings under the mortgage, a cancellation of said mortgage, an account, &c.

The answer of Pearson admits the loan of the money at the

usurious rate of interest stated in the bill, but insists that the money belonged to Mrs. Lucy David, who resided in the State of Georgia, and who had left it in Pearson's hands to be loaned out on good security, and that this fact was known to complainant when he borrowed it ; that Pearson, at the request of complainant, afterwards borrowed money from said Slaughter to pay Mrs. David, complainant agreeing to lose the discount; that afterwards, at the request of complainant, respondent borrowed from the executors of Wm. H. Pearson, deceased, money enough to pay said Slaughter, and transferred to them complainant's notes, payable to Slaughter, which thereby became assets of said estate ; that on the division of said estate one of complainant's said notes was received by Mary Pearson, as guardian of Mary D. C. Pearson, who has since intermarried with Matthew Lyle, and that this note has been paid ; that complainant's other notes were received by James M. Pearson, as his distributive share of said estate, and were afterwards given up to complainant, on the execution by him of two new notes for the amount then due, bearing legal interest, and secured by said mortgage with a power of sale ; that these notes were afterwards, at the complainant's request, transferred by respondent to Mary Pearson, who had no knowledge of any usurious interest in the matter.

The bill was afterwards amended, and the other parties brought in. Many other facts appear in the pleadings and evidence, which it is not material to notice, as they do not change the nature of the case.

The Chancellor held the transaction usurious, and directed the master to state an account between the parties on the following basis : first, to ascertain the amount of money originally borrowed by Bailey from Pearson ; secondly, to ascertain the amount paid by Bailey on this loan before the bill was filed, computing interest according to the statute, and deducting 25 per cent. from the sum paid in Alabama Bank notes.

From this decree, James M. Pearson and Mary Pearson prosecute a writ of error, and here assign for error :

1. That the court erred in refusing to dissolve the injunction ;

2. That the court erred in refusing to dismiss the bill ;

3. That the final decree is erroneous.

J. FALKNER, for plaintiffs in error :

An agent is not bound by his acts, when they do not exceed his authority ; but the principal is bound by them, and his acquiescence in them is evidence of the agent's authority.— Story on Agency § § 147, 483; Boswell v. Clarkson, 1 J. J. Marsh. 49.

When a debt including usury is discharged, either by the payment of money, or by changing the liability to another, if done in good faith, the party cannot sue to recover back the money paid, and cannot defend for the usury in the hands of another person.

Where notes including usury are executed, if the payee trades them to a third person, and the maker then takes them up, and executes new notes for the debt, he cannot interpose the plea of usury to the new notes.—4 Paige's Ch. R. 530; 3 Ala. 158; Comyn on Usury (5 Law Library) 183.

Where a third person trades for a note, at the request of the maker, who represents to him that they are just, and that he has no defence against them, the maker will not afterwards be allowed to set up against him a defence which existed prior to the time when such representations were made.—Gil. Va. R. 42; 1 Equity Digest 662 § 67 ; Whitworth v. Adams, 5 Rand. R. 333 ; 4 Cowen's R. 266 ; 1 Story's Equity § § 384, 385, 387, 388; 10 Johns. R. 195 ; 6 Munford's R. 541, 550.

B. J. WHATLEY, contra:

It matters not who may be the present owner of the mortgage debt, or who has heretofore been, as all the persons who ever had any interest in the debt are parties to the suit ; and if James M. Pearson is now the true owner, as he sets up in his answer, he purchased with full knowledge of the fact that the notes were founded on a usurious contract.—Saltmarsh v. Tuthill, 13 Ala. 390; Churchill v. Suter, 4 Mass. 156 ; Powell v. Waters, 8 Cowen 669.

A note taken in renewal of a former note, which was void for usury, is also void in the hands of one who had notice of the usury.—Bridge v. Hubbard, 15 Mass. 96 ; Powell v. Waters, 8 Cowen 669. And no subsequent act, however formal and solemn, can give legal efficacy to a transaction which was void in its creation for usury.—Moncure v. Durmot, 13 Peters 345.

A mere substitution of another security for the one tainted with usury, does not take the case out of the statute.—Gibson v. Stearns, 3 N. Hamp. 185. If money be loaned on a usurious contract, and on maturity of the note it be punctually paid, and a new note, similar to the first, be given for the balance, such new note is void for usury.—Warren v. Crabtree, 1 Greenl. R. 167.

A mortgage taken on the loan of money, including a former usurious loan, is void; the taint of usury destroys the whole security.—Jackson v. Packard, 6 Wend. 415.

It is no defence to a lender on usury that he acted as an agent, unless the agency was known to the other party.—Wilkes v. Coffield, 3 Hawks' R. 28.

A usurious contract cannot be purged of the usury, by substituting a new security therefor.—Jackson v. Jones, 13 Ala. 121; Lloyd v. Pace, 12 ib. 637.

LIGON, J.—The questions intended to be raised by the first and second assignments of error, may all be considered under the third.

There certainly exists no reason why the Chancellor, at the hearing, or at any other period of the litigation in the court below, should have dismissed the bill for want of equity. Its allegations make out a clear case of usury, practiced through a series of years in every variation in the form of the contract between the parties; and we presume that no authority need be cited to sustain the jurisdiction of the Court of Chancery under such circumstances, and especially when we add the further fact, which appears by the bill, that the usurer, holding a mortgage security for his debt with the power of sale, is proceeding to sell the mortgage premises, when it is alleged that he has already received his principal debt with legal interest.

The answer of James M. Pearson, the principal actor in the usurious contract, does not deny the rate per cent which was agreed on between himself and Bailey when the loan was effected, as it is charged in the bill, but admits that it was stipulated that the borrower was to pay at the rate of 16 per cent. per annum for the loan, which was reserved in the notes given at the time; but he seeks to avoid the force of our statute against usury, by averring in his answer that the money loaned by

him to Bailey was not his own, but belonged to a Mrs. David in the State of Georgia, who had deposited it with him for the purpose of loaning out, and that he has been compelled to repay it to her. This, we apprehend, will not be allowed to change the nature of the contract; it is as clearly usurious when made by him under pretence of agency for another, as though he stood alone in making the loan to Bailey. In such case, the plea of agency can avail nothing, in removing the unlawful character from the transaction.

The law forbids the making of a usurious contract, and no one has the power to give authority to another to do an unlawful act. The parties, in such cases, are all principals.

But, in this case, it does not appear that Mrs. David ever directed James M. Pearson to lend her money on a corrupt and usurious agreement: his authority, according to his own showing, was to lend it out; and this must be held to mean only such loaning as is sanctioned by law. If he should go farther, and loan it on a usurious contract, he exceeds his authority; and if it is not afterwards sanctioned by his principal, and loss results, he is liable to her. But no consideration arising out of the relation of the principal and her agent would divest the loan of its usurious character, or deprive the borrower of his right to set it up against the lender, in any proceeding against him to enforce the illegal contract.

Neither does the renewal of the note, or change of the form of the contract, alter the character of the original transaction. Jackson v. Jones, 13 A. R. 121. If it is usurious in its inception, the taint abides in it, and will affect it throughout all its renewals and mutations, and follow it into whose hands soever it may go, unless the holder receives it through the fraud of the maker.

In this case, it is admitted, as well as proved, that interest at the rate of 16 per cent. per annum was contracted for at the making of the loan, and execution of the original notes. On the first renewal, 12½ per cent. per annum was agreed upon between the parties. The interest accruing at both these rates entered into the last notes of $208 each, which are secured by the mortgage, under which James M. Pearson was proceeding to sell when the bill in this case was filed. The mortgage itself is therefore tainted with usury, and cannot be allowed to stand as

a security for any more than the balance (if any) really due on the original debt, and 8 per cent. per annum interest thereon. Jackson v. Packard, 6 Wend. 415. This sum must be ascertained by deducting the payments, and computing the interest by the rule prescribed in the statute.—(Clay's Digest 283 § 1.) At law, the recovery could only extend to the principal debt, without interest; but when the borrower comes into chancery for relief, as he seeks equity, he will be made to do equity by paying the principal, with legal interest.

If, on this accounting, it should be found that a balance is due the lender, the mortgage must stand as a security for that balance only. If nothing is found due, the mortgage should be cancelled, or a perpetual injunction should go against all proceedings on both the notes and mortgage.

It is, however, insisted that Mary Pearson is the holder of the notes secured by the mortgage, without notice of the corrupt agreement with which they are tainted. This does not, of itself, deprive Bailey of his right to set up the usury against her. Something more is required before this result will follow. Although the answers are artfully obscure as to the manner in which these notes came into her possession, still it does not fairly appear, either by them or the proof, that Bailey had any connection with her receiving them, and certainly no such connection as will estop him from relying upon the usury against her. She cannot, therefore, be allowed to stand on higher ground with respect to them, than James M. Pearson, the payee, and there can be no doubt, that, as between him and complainant, the notes and mortgage are void, except as a security for the balance of the principal debt, and legal interest.

Such was the conclusion of the Chancellor, and his decree is consequently affirmed.

On the final hearing, the bill should be dismissed as to Lyle and wife, who disclaim all interest, and have taken no active part in the defence.

Let the costs, both of this court and the court below, be paid by James M. Pearson.