(76 South. 923)

LAW, CLARK & CO. et al. v. MITCHELL.

(4 Div. 721.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. USURY ⬥95 — FORBEARANCE OF MONEY — EFFECT—"BORROWER"—"LOAN."

Under Code 1907, § 4623, providing that contracts for payment of interest on loan or forbearance of goods or money at higher rate than 8 per cent. are usurious, and cannot be enforced except as to the principal, and that the borrower shall never be required to pay more than the principal, the word "borrower" includes one having the use of money by the forbearance of his creditor, and money remaining in a debtor's hands by agreement is a "loan."

[Ed. Note.—For other definitions, see Words and Phrases, Borrower; First and Second Series, Loan.]

2. USURY ⬥6—FORBEARANCE OF MONEY—EFFECT.

Such statute is remedial, and not penal, and must be liberally construed.

3. USURY ⬥95—FORBEARANCE OF MONEY—EFFECT—"BORROWER."

The word "borrower" in such statute is used in its broadest sense, and applies to any person who secures the use of money in any way upon an agreed consideration exceeding 8 per cent. of the principal.

4. APPEAL AND ERROR ⬥847(1) — SCOPE OF REVIEW—RECORD.

The court on appeal from a decree in chancery is bound by a recital in the decree as to the issues below, and must treat other issues not specified in the decree as waived.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill in equity by T. E. Mitchell against Law, Clark & Co. and others. Decree for plaintiff, and defendants appeal. Affirmed.

Parks & Prestwood and Powell, Albritton & Albritton, all of Andalusia, for appellants. Jones & Powell, of Andalusia, for appellee.

SOMERVILLE, J. The bill of complaint shows that complainant bought goods from respondent through a series of years, by way of advancement for farming; that the balances were carried into mortgages executed by complainant to respondent from time to time; that by agreement between them more than 8 per cent. interest was charged and paid upon the price of the goods sold; and that with proper allowance for usurious interest thus paid the entire mortgage indebtedness due from complainant had been satisfied.

The bill prays for an injunction against the foreclosure by respondent of two certain mortgages referred to; for an accounting and a decree declaring the indebtedness paid and ordering cancellation of the mortgages; and, in the alternative, for redemption if any balance remains unpaid.

Demurrers to the bill deny the application of the usury statute to the forbearance of money, as distinguished from a loan of money, when the debtor is the actor seeking relief against usury in a court of chancery.

Section 2630, Code 1896, is as follows:

"All contracts for the payment of interest upon the loan or forbearance of goods, money, things in action, or upon any contract whatever, at a higher rate than is prescribed in this chapter, are usurious and cannot be enforced, either at law or in equity, except as to the principal; and if any interest has been paid, the same must be deducted from the principal, and judgment rendered for the balance only. And when the principal and a higher rate of interest thereon than is prescribed by law have been paid, the excess over and above the principal and legal interest with interest on such excess from the time of the completed payment, may be recovered by suit brought within one year from the time of such completed payment."

This statute was construed as not abrogating the rule of equity that a complaining debtor, seeking equitable relief against usury, must do equity by tendering and paying legal interest. Lindsay v. U. S. S. & L. Co., 127 Ala. 366, 28 South. 717, 51 L. R. A. 393.

By the act approved February 23, 1899 (Acts 1898–99, p. 38), that section was amended so as to read as follows:

"Be it enacted by the General Assembly of Alabama: That section 2630 of the Code of 1896, be and the same is hereby amended so as to read as follows: 'All contracts for the payment of interest upon the loan or forbearance of goods, money, things in action, or upon any contract whatever, at a higher rate than is prescribed in this chapter are usurious and cannot be enforced, either at law or in equity, except as to the principal, and if any interest has been paid the same must be deducted from this prin-

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cipal and judgment rendered for the balance only.' "

And, for the obvious purpose of meeting the decision in the Lindsay Case, which was rendered just after the amendment of 1899, the next Legislature further amended the usury statute by adding to it the following:

"Nor shall the borrower of money at a usurious rate of interest ever in any case be required to pay more than the principal sum borrowed, and if any interest has been paid the same must be deducted from the principal and judgment rendered for the balance only." Acts 1900–01, p. 2097.

As thus amended, the statute has · been carried into the Code of 1907, as section 4623, with the addition only of the words "in law or equity" appended to the words "in any case."

Respondent's insistence is that the word "borrower" is used in the statute in its narrow and technical meaning, and hence signifies only the procurement of a money loan, and not the forbearance of a debt for the purchase price of goods.

[1] Technically considered, the argument is plausible enough; but our consideration of the original usury statute, and the progressive policy of the Legislature as evinced by successive amendments, leads to the sure conclusion that the final amending clause was intended to govern all transactions in which more than the lawful rate was charged for the use of money, whether that use was acquired by a present loan, or by forbearance of an independently created indebtedness. The distinction between the two transactions is one of form and terminology only, and in purpose and effect they are identical. More than a century ago it was pertinently observed by Chancellor Kent that:

"If a loan be necessary to constitute a usurious contract, yet it is not necessary to the creation of a loan that the money should be paid, on the one hand, and received, on the other; for the circumstance of a man's money remaining in another's hands, in consequence of an agreement for that purpose, will constitute a loan." Van Schaick v. Edwards, 2 Johns. Cas. (N. Y.) 364.

Whether the form of the transaction be technically a loan or a forbearance of money, the policy of the law and the reason for its application are exactly the same. It is to be observed also that the amending provision under consideration does not declare the law of usury, but merely designs to make the law already declared fully effective by removing an obstacle to its operation, viz. a rule of equity which had been persistently applied by the courts to the practical emasculation of the law. Reynolds v. Lee, 180 Ala. 76, 60 South. 101.

[2] The amending provision is therefore not in any sense penal, but is, on the contrary, highly remedial in its character, and must be liberally construed to accomplish its manifest purpose.

[3] We think the Legislature used the word "borrower" in its broadest sense and intended to apply it to any person who secured the use of money in any way upon an agreed consideration exceeding 8 per cent. of the principal debt. The demurrer to the bill in this aspect is without merit, and was properly overruled.

[4] It is urged in brief that the allegations of usury in the bill are not sufficient, as pointed out by one of the grounds of demurrer. We feel bound, however, by the recital in the chancellor's decree that the only insistence in the lower court was upon the single question discussed above, and we must treat other grounds of demurrer as having been abandoned.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.