(91 South. 580)

**GARDNER et al. v. RUFFNER et al.**
(3 Div. 475.)

(Supreme Court of Alabama. Oct. 20, 1921. Rehearing Denied Nov. 24, 1921.)

**1. Usury ⬤⇒55—Commission to broker who was not lender's agent is not usury.**

Where a broker through whom a loan is negotiated is not the agent of the lender, his reservation of commissions for himself over and above the legal rate of interest, with or without the knowledge of the lender, does not taint the transaction with usury.

**2. Usury ⬤⇒56—Commission to lender's agent without knowledge of lender or benefit to him is not usury.**

A reservation of broker's commission above the legal rate of interest does not taint the transaction with usury, even if the broker is the agent of the lender, unless it is made with the knowledge of the lender, or unless the lender derives some benefit therefrom in addition to the lawful interest.

**3. Usury ⬤⇒117—Payee of note reserving commission in addition to legal interest held lender, and not agent.**

Testimony by the payee of a note that the money loaned by him belonged to his sister, who had turned it over to him for loaning at his discretion, on his own terms, and in his own name, and that he had never accounted to her for the interest included in the note, supports the conclusion that the payee was merely the debtor of the sister, and that she was not a beneficiary entitled to claim the note and mortgage as her property, or, at any rate, to show that the transaction, so far as the question of usury because of the reservation of a commission in addition to the legal interest is concerned, must stand as a transaction between the payee of the note and the makers thereof.

**4. Usury ⬤⇒56 — Lender is charged with knowledge of commission paid to his agent who he knew was to be compensated by another.**

Where the lender of money knows that his agent to make the loan was to be compensated by some third person, who could be no other but the borrower, he is charged with knowledge that the agent exacted from the borrower a commission to compensate for his services, which made the transaction usurious if the note required payment of full legal interest.

**5. Principal and agent ⬤⇒177(5)—Agent presumed to have informed principal of knowledge notes purchased for him were usurious.**

Where an agent who purchased notes for his principal knew that the transaction in which they were given was tainted with usury because of a commission reserved to himself in addition to the full legal rate of interest, he is presumed to have informed his principal of that fact.

**6. Principal and agent ⬤⇒177(5)—Presumption agent informs principal of fact not learned in transaction is rebuttable.**

Knowledge by an agent that the mortgage debt bought by him for his principals was taint-

ed with usury was not constructively binding upon his principals, where it was not acquired in the prosecution of his agency, and the presumption that he informed them of that fact is rebuttable; but the burden of rebuttal is on them.

**7. Usury ⊕⊐146—Works forfeiture of all interest whether suit is at law or in equity.**

Under Code 1907, § 4623, the infection of usury works a forfeiture of all interest, and only the principal can be recovered whether the suit is at law or in equity.

### On Rehearing.

**8. Usury ⊕⊐113—Purchaser of note bearing full legal interest has burden of showing he did not know agent was being compensated by borrower.**

A purchaser of a note bearing full legal interest through an agent who he knew was to be compensated by some one in the transaction has the burden of proving that he did not know, and had no reason to believe, that his agent was being compensated for his services by the makers of the note.

**9. Appeal and error ⊕⊐1177(7)—Cause not remanded for further testimony on issue clearly raised by pleadings.**

It is contrary to the practice of the Supreme Court to remand a cause for further testimony and litigation upon an issue clearly made by the pleadings.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

Bill by Rosanna Gardner and another against J. B. Ruffner and others for an accounting and the cancellation of certain mortgages and for an injunction restraining foreclosure of said mortgage. From a judgment for the defendants, plaintiffs appeal. Reversed, rendered, and remanded.

The bill as originally filed sought an accounting and cancellation because of payments and usury, having fully paid the mortgage. When it transpired that the mortgage securities had been transferred, the bill was amended and sought to redeem from the series of mortgages. When H. H. Ruffner advertised a foreclosure, the bill was again amended, seeking an injunction restraining the foreclosure. It appears that all of the mortgages were made in favor of J. B. Ruffner, except that of May 4, 1916, which was in favor of C. G. Ruffner, who at that time claimed to be the owner of the assignment of all the preceding mortgages. It appeared that the money being loaned was the money of Mrs. Killen, a sister of the Ruffners, and that it was advanced to J. B. Ruffner, and that Clark G. Ruffner paid to Mrs. Killen all the money advanced by her to J. B. Ruffner, took an assignment of all the mortgages to himself, and afterwards sold them to his father, H. H. Ruffner. The contention is that 8 per cent. was charged for the use of the money, and that Ruffner (J. B.) contracted to receive 4 per cent. for his trouble in procuring the money and in making the collection. C. G. Ruffner claimed that when he took the mortgages he had no knowledge or notice of any infirmity therein and was not a party to any usurious contract, and H. H. Ruffner likewise set up the fact that he was an innocent purchaser for value and without notice.

W. P. McGaugh, of Montgomery, and Joseph R. Bell, of Hayneville, for appellants.

The contract made by J. B. Ruffner, was usurious, since Ruffner himself was a creditor of the mortgagee, and either a debtor or trustee of Mrs. Killen. 73 Ala. 111; 23 Ala. 537; 138 Iowa, 1, 115 N. W. 577, 19 L. R. A. (N. S.) 391; 58 Minn. 137, 59 N. W. 985, 49 Am. St. Rep. 492; 85 Ala. 379, 5 South. 197, 2 L. R. A. 589; 29 A. & E. Enc. of Law, 505. The whole record illustrates that those who acquired the mortgages from J. B. Ruffner were not bona fide purchasers in due course and without notice. Section 5007 et seq., Code 1901; 204 Ala. 93, 85 South. 375; 200 Ala. 129, 75 South. 577; 109 Ala. 157, 19 South. 430; 195 Ala. 175, 70 South. 723; 172 Ala. 637, 55 South. 494; 158 Ala. 143, 48 South. 340; 200 Ala. 351, 76 South. 117; 95 Ala. 177, 10 South. 752, 15 L. R. A. 761, 36 Am. St. Rep. 195; 125 Ala. 313, 28 South. 35; 162 Ala. 301, 50 South. 137. The note, the basis of the H. H. Ruffner mortgage is nonnegotiable. 9 C. J. 144; 1 Daniel on N. I. 69; 124 Ala. 279, 27 South. 442; 123 Ala. 257, 26 South. 205, 82 Am. St. Rep. 120; 103 Ala. 497, 15 South. 741.

Ball & Beckwith, of Montgomery, for appellees.

The contract was not usurious. 65 Ala. 511; 85 Ala. 390, 5 South. 197, 2 L. R. A. 589. Counsel discuss other matters, but without further citation of authority.

SOMERVILLE, J. [1, 2] Where a broker through whom a loan of money is negotiated is not the agent of the lender, his reservation of commissions for himself, over and above the legal rate of interest, with or without the knowledge of the lender, does not taint the transaction with usury. George v. N. E. M. Security Co., 109 Ala. 548, 20 South. 331. Nor does such a reservation have that effect even where the broker is the agent of the lender, unless it is made with the knowledge of the lender, or unless the lender derive some benefit therefrom in addition to the lawful interest he is entitled to charge. Ginn v. N. E. M. Security, 92 Ala. 138, 8 South. 388.

[3] In the instant case the loan was made to complainants by the respondent J. B. Ruffner, who conducted the negotiations, approv-

ed the security, and had the note and mortgage executed to himself as payee and mortgagee. He exacted 8 per cent. annual interest on the loan, and also 4 per cent. annually as commissions to compensate him for his time, labor, and expenses in making the loan and looking after its collection. His testimony is that the money in question belonged to his sister, who, and himself also, lived in Illinois; and that she had turned it over to him for lending, which he did at his discretion, on his own terms, without consulting her, and in his own name. He further testified that he had never accounted to her for the 8 per cent. interest included in the note, six or eight years having elapsed since its accrual.

We think the evidence in the record supports the conclusion that J. B. Ruffner was merely the debtor of his sister, and that she was not a beneficiary entitled to claim the note and mortgage as her property. But, assuming that Ruffner lent the money for her benefit, we think that on general principles of policy and propriety the transaction must stand, so far as the question of usury is concerned, as one between Ruffner and the mortgagors to whom he lent the money in his own name as payee and mortgagee. Pearson v. Bailey, 23 Ala. 537, 542.

[4] The authorities, indeed, go very much further than this. Judge Freeman, in his extended note to Bank of Newport v. Cook (60 Ark. 288, 30 S. W. 35, 29 L. R. A. 761) 46 Am. St. Rep. 171, 199, deduces the following rule:

"If the agent of the lender acts for him in a single transaction and under such circumstances that his authority must be deemed special and restricted to the making of loans for which no illegal exaction shall be imposed, or if the principal has reason to believe, and does believe, that his agent is acting gratuitously, and not for the purpose of realizing a profit from either of the parties, then, to charge the lender with the consequences of a usurious transaction on the part of the agent, the principal must undoubtedly be proved to have had notice of it. If, on the other hand, the agent is a general agent of the lender for the purpose of making loans, and, whether he is such a general agent or not, if the lender understands that the services to be rendered by the agent are not gratuitous, but are not to be paid for by some person other than the lender, then any exaction made of the borrower by such agent must be regarded either as authorized by his principal from the general nature of the agency, or as done with the knowledge and consent of that principal, because he knew that his agent, for services to be performed for himself, was to be compensated in some manner by some other person not under any duty or obligation to make such compensation, and that such person must inevitably be the borrower: Sherwood v. Roundtree, 32 Fed. Rep. 113; New England, etc., Co. v. Hendrickson, 13 Neb. 157; Cheney v. Woodruff, 6 Neb. 151; Fowler v. Equitable Trust Co., 141 U. S. 384; Adamson v. Wiggins, 45 Minn. 448; Vahberg v. Keaton, 51 Ark. 534, 14 Am. St. Rep. 73; Payne v. Newcomb, 100 Ill. 611, 39 Am. Rep. 69; McFarland v. Carr, 16 Wis. 259; Rogers v. Buckingham, 33 Conn. 81."

That rule would govern in the instant case even if the broker were not also the payee and mortgagee.

The case of France v. Munro, 138 Iowa, 1, 115 N. W. 577, 19 L. R. A. (N. S.) 391, strongly supports the rule and many authorities are collected and digested in the editor's note thereto, in accord with the principal case. Other well-reasoned cases are Stein v. Swensen, 46 Minn. 360, 49 N. W. 55, 24 Am. St. Rep. 234; and Hall v. Maudlin, 58 Minn. 137, 59 N. W. 985, 49 Am. St. Rep. 492.

It is, however, insisted that the usurious exaction in question cannot infect the mortgage debt as it now stands for the reason that the original obligation, payable to J. B. Ruffner, was transferred by him to his son, Clark G. Ruffner, to whom a new note and mortgage were given by way of renewal, and that Clark G. then transferred the securities to his brother H. H. Ruffner, in whose name they now stand; the contention being that each of the sons was a bona fide purchaser for value in due course.

[5, 6] J. B. Ruffner, the father, was the general agent for each of his sons in the handling of their money in his hands, and acted as the agent of Clark G. in buying for him his own mortgage and note, and in securing their renewal. He acted as agent also for H. H. in receiving the alleged transfer of them from Clark G. Under those circumstances, it must be presumed that he informed each of his principals, his said sons, of the fact that the mortgage debt included an annual charge of four per cent. for his own commissions. H. & B., etc., Co. v. Haley, etc., Co., 174 Ala. 190, 56 South. 726, L. R. A. 1918B, 924. His knowledge of that infirmity in the mortgage debt, not having been acquired in the prosecution of his agency for his sons, was not constructively binding upon them; and the presumption that he informed them of it is a rebuttable presumption, the burden of rebuttal being cast upon them. Id. In the absence of satisfactory evidence that they were not so informed, we are bound to hold that they were, and the result is that they cannot be held as bona fide purchasers for value in due course.

[7] The infection of usury works a forfeiture of all interest, and only the principal can be recovered whether the suit is at law or in equity. Code 1907, § 4623; Lewis v. Hickman, 200 Ala. 672, 77 South. 46; Law v. Mitchell, 200 Ala. 565, 76 South. 923.

It is therefore ordered that a reference be made to the register for an accounting to ascertain the amount of the mortgage debt with the item of interest eliminated. If any balance remains due after such elimination, the complainants will be allowed to redeem

by paying that amount into court within such time as the trial court may direct. If, on the other hand, it shall appear that the debt has already been fully paid by complainants, they will be entitled to a decree canceling the mortgage or mortgages remaining unsatisfied of record.

The decree of the circuit court is reversed, an order of reference for accounting is here entered, and the cause is remanded for further proceedings, orders, and decrees, in accordance with this opinion.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

### On Rehearing.

SOMERVILLE, J. [8] A re-examination of the testimony in the record convinces us that our conclusions of fact as to the agency of J. B. Ruffner for his sons, Clark G. and H. H., in the handling of their money, and in the shiftings of the mortgage security originally held by J. B., are fully supported. But, apart from the principle of imputed knowledge, the burden rested upon H. H. Ruffner, whose answer asserts that he is a purchaser without notice of the usurious exactions of J. B. Ruffner, to show that he did not know, and had no reason to believe, that the latter was being compensated for his services by the mortgagors; for under the rule, as quoted from Judge Freeman's note, supra, he was prima facie charged with knowledge that some one was paying for those services, and that it was presumably the mortgagors. Had he been informed, and had he believed, that the services of J. B. Ruffner were gratuitous, or that some third person was paying for them, the rule quoted would, of course, be without application.

[9] To remand the cause for further testimony and litigation upon an issue clearly made by the pleadings, as suggested by counsel for appellees, would be contrary to the practice of this court in such cases, and we would not feel justified in doing so.

Application overruled.