## FARKAS v. KATZ.
## In re KATZ.
### No. 6362.

Circuit Court of Appeals, Fifth Circuit.

Jan. 9, 1932.

J. Field Wardlaw, of West Palm Beach, Fla., for appellant.

A. L. Rankin and J. W. Salisbury, both of West Palm Beach, Fla., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This is an appeal from an order confirming a composition providing for the payment of 15 per cent. cash on claims of unsecured creditors, offered by the bankrupt, David Katz, at the first meeting of creditors.

The bankrupt and the appellant had been partners in the retail clothing business at West Palm Beach, Fla. In April, 1929, the bankrupt bought from appellant the latter's share in the business, paying appellant $5,000 in cash and giving him three promissory notes for $500 each. In order to raise the amount paid to appellant in cash, the bankrupt borrowed $4,000 from Jack Oberfield, his brother-in-law. Oberfield later came to West Palm Beach and, after inspecting the bankrupt's business, demanded from the bankrupt security for his loan, and suggested that the bankrupt form a corporation and turn over to it the stores and the goods therein, the shares of stock issued by the corporation to be pledged to Oberfield as security for his loan. Pursuant to this suggestion, a corporation was formed under the name "Dave Katz, Inc.," to which the bankrupt transferred all his stock of goods and business; the corporation paying therefor by issuing one hundred shares of stock, ninety-eight of the shares being issued to the bankrupt, one to his wife, Erna Katz, and one to Morris L. Passteroff, his clerk. The transfer covered all assets of the bankrupt except an automobile worth about $150 or $200. The corporation did not demand or receive a sworn statement by the bankrupt of the names and addresses of his creditors, or give notice to the bankrupt's creditors, pursuant to provisions of the bulk sales statute of Florida, Compiled General Laws of Florida 1927, § 5772 et seq. The appellant recovered judgment in a Florida state court on the notes given to him by the bankrupt, and, in supplemental proceedings following the rendition of that judgment, that court on September 19, 1930, authorized the appellant to have execution under that judgment levied on the transferred goods. Bankruptcy was adjudged under a voluntary petition filed on October 20, 1930. Creditors filed claims in amounts aggregating $4,653.22; the amount of appellant's claim being $1,730.56, the claim filed by Oberfield amounting to $2,097.66, the other three filed claims aggregating in amount $825, including a claim of the bankrupt's wife in the

1062 ·

amount of $700. The bankrupt testified that the approximate value of the goods transferred to the corporation was $8,000. A majority in number and amount of the creditors approved the offered composition; appellant being the only creditor voting against it. His specified ground of objection to the offered composition was that it was not for the best interest of the creditors, in that the bankrupt's transfer of his assets to the corporation mentioned was fraudulent, and that, if a trustee is elected and brings suit to set aside that transfer and those assets are recovered and properly administered, there will result a fund sufficient to pay a considerably larger dividend to creditors.

By the challenged transfer, the bankrupt reserved a substantial benefit to himself; the transfer resulting in his retaining complete control of the transferred assets and the beneficial ownership of a 98 per cent. interest in them. A necessary effect of the transfer was to hinder or delay creditors by putting the transferred assets beyond the reach of legal process in their favor. The bankrupt is presumed to have intended the necessary or ordinary consequences of his intentional act. The transaction being in substance a transfer by the bankrupt to himself of substantially all his assets, and it being presumed that the bankrupt and the corporation dominated by himself intended to hinder or delay the former's creditors, the conclusion follows that the transfer was fraudulent and voidable at the instance of a creditor who did not consent to it or of the trustee in bankruptcy when he is appointed. J. I. Kelley Co. v. Pollock & Bernheimer, 57 Fla. 459, 49 So. 934, 131 Am. St. Rep. 1101; First Nat. Bank v. F. C. Trebein Co., 59 Ohio St. 316, 52 N. E. 834; 13 R. C. L. 480, 543. It is to be inferred that the setting aside of the transfer at the instance of a bankruptcy trustee to be appointed would result in his having in hand for administration assets sufficient to enable him to pay in full the claims of unsecured creditors, instead of the 15 per cent. thereof provided for by the offered composition. This being so, the conclusion that the offered composition was for the best interest of creditors (Bankruptcy Act, § 12d, 11 USCA § 30 (d) was not warranted. In the circumstances disclosed, the confirmation of the offered composition over appellant's opposition evidences a failure of the court properly to exercise its discretion. Fleischmann & Devine v. Saul Wolfson Dry Goods Co. (C. C. A.) 299 F. 15.

For the appellee it was suggested that appellant's opposition to the confirmation of the composition should not prevail because of his failure to comply with the requirement of General Order in Bankruptcy No. 32 that a creditor opposing the confirmation of a composition shall enter his appearance in opposition thereto on the day when the creditors are required to show cause. It does not appear from the record that any such objection to the consideration of appellant's filed written specifications of objections to the confirmation of the offered composition was made in the court below, and the record does not show that appellant failed to comply with the above-mentioned requirement. This being so, a presumption may be indulged that that requirement was either complied with or that such compliance was waived. Shaffer v. Koblegard Co. (C. C. A.) 183 F. 71.

The order appealed from is reversed.