163 So. 601

**GIBSON et al. v. ALEXANDER.**

**8 Div. 642.**

Supreme Court of Alabama.

Oct. 17, 1935.

---

Perry & Powell, of Birmingham, and Peach & Caddell, of Decatur, for appellants.

R. L. Almon, of Moulton, and W. L. Chenault, of Russellville, for appellee.

BOULDIN, Justice.

The bill was filed by the mortgagors of real estate against the mortgagee to vacate a foreclosure under power of sale, and to redeem.

The bill charged usury in the mortgage debt, and sought an accounting and redemption on payment of the principal.

On final decree complainants were granted relief vacating the foreclosure because premature, the sale being made pending an extension period agreed upon by the parties.

The decree denied, or failed to decree, relief on the ground of usury. The appeal is by complainants to review that feature of the decree.

■ Appellee makes the point that there was no final decree, save that favorable to complainants, and the appeal should be dismissed.

The view of appellee is that the recitals of the decree on the question of usury are merely expressive of the opinion of the court, followed by a decree of reference, without a final adjudication of the issue of usury vel non in the transaction. Hill v. Hill, 211 Ala. 293, 100 So. 340, and authorities there cited.

We do not so read the decree in this cause. Much, we may say the major portion, of the evidence on which the cause was submitted for final decree, was directed to this issue. The structure of the decree discloses the court's findings of law and fact on the issues. Among other things, it is said: "The complainants are due the full amount of the mortgage, together with eight per cent interest thereon, less any payments made thereon. The mortgage is not infected with usury; there was no contract to pay a larger amount of interest than eight per cent, nor was the

arrangement between the parties made so as to avoid (evade) the statute against usury."

Following such findings it is "ordered, adjudged, and decreed" that the foreclosure be declared void, and complainants are entitled to redeem. "It is further ordered, adjudged, and decreed by the court that it be referred to the register: First, to ascertain the amount due on said mortgage, principal and interest included, on the date of holding the reference."

Construing the decree as a whole, we deem it a definite and final denial of relief on the ground of usury, with directions to the register to state the account accordingly.

Appellants are, therefore, entitled to review the decree on the question of usury.

Appellant F. D. Gibson undertook to erect on a lot in Moulton a building or group of buildings for a movie theater, a garage, and a filling station.

Appellee, T. R. Alexander, had made a loan for construction purposes of $9,000, and later one of $1,000, secured by mortgages on farm lands and the building lot.

In course of construction, these funds becoming exhausted, Gibson contracted numerous debts for materials. Being unable to meet them, several of his creditors filed suits to enforce materialmen's liens, making Alexander, mortgagee, a party.

In this crisis Gibson began negotiations with a firm of money brokers to borrow necessary funds to meet these bills. In that connection negotiations were also begun with the materialmen to discount their bills for cash.

It appears the discounts were to go to the brokers by way of commissions for obtaining the loan. It was ascertained that at least some of the materialmen were willing to discount their bills 15 per cent.

At this stage Alexander disclosed a willingness to make the loan or investment if he was given the benefit of the discount. Gibson turned from the brokers to him. With the assistance of counsel a check-up was made of the amounts of outstanding bills, court costs, and counsel fees. They were found to aggregate $6,031.11. Whereupon Gibson executed the mortgage in suit on the lot, buildings, fixtures, etc., for above sum, bearing interest from date at 8 per cent. per annum. On the following day, Alexander at a meeting of creditors succeeded in getting discounts of 15 per cent. aggregating some $884. He issued his checks to creditors accordingly, and so satisfied or took over their claims.

The suits were dismissed and costs paid by Alexander. This was all pursuant to agreement with Gibson.

That Alexander should have the discounts, and the mortgage stand for the full face value of the demands thus settled by him, is without dispute.

We deem the above a fair summary of the controlling facts, as we find them from the weight of the evidence, largely without dispute.

There is conflict as to some details and still more in the terminology used by the parties in giving their versions of the transaction.

Appellants would treat the transaction as in essence a loan of the net amount of the outlay by Alexander. The latter would treat it as a purchase of the outstanding bills, the face of the mortgage thus representing the indebtedness intended to be secured.

Dealing with certain phases of the evidence and argument of counsel thereon, we cannot hold that any actual discount of these bills had been effected, and the amount of indebtedness actually reduced prior to Alexander's entering the picture. It was all in negotiation merely, Gibson and the brokers working together.

Neither are we reasonably satisfied there was a definite understanding between Gibson and Alexander that the latter would purchase and take formal assignments of these outstanding accounts; or that, in fact, the accounts were formally assigned to Alexander when he took them up. After this lawsuit was brewing, some four years later, it appears both sides undertook to get written showings, and inadvertently, in some cases, creditors gave conflicting showings to the opposing sides.

Manifestly, if the transaction was no more than a loan of the net outlay, Alexander getting a bonus or commission to the extent of the discount, this was usury.

While commissions to a broker for obtaining a loan do not constitute usury, commissions to the lender himself do infect the transaction with usury.

It is no answer to say the borrower would fare as well in the one case as the other. Usury laws are to prevent hard bar-

80

gains with the pressed borrower to the profit of the lender.

■ It is well-known law that an investor may purchase *choses in action* from the holder at any discount the parties may agree upon; "and this is true even when the purchase is made at the request of the debtor, who, to induce such purchase, agrees to secure by mortgage the amount actually due, or pays a bonus or gratuity, or pays the creditor the amount of the discount, either with or without the knowledge of the purchaser. On the other hand, if a transaction, in the form of a discount or sale, is in reality a loan at a rate greater than the legal rate, it is usurious." 66 C. J. p. 187, § 83; Crane v. Price, 35 N. Y. 494; Siewert v. Hamel, 91 N. Y. 199.

■ We can discern no distinction in principle between this case and the above statement of the law. In the instant case there was no occasion for an assignment of the claims and liens to be enforced as distinct causes of action. The mortgage had already been given, wherein the debt was fixed at the aggregate amount of the debts to be taken up by Alexander.

The essence of the transaction was that upon Alexander satisfying these claims, stopping the accumulation of costs in court, and giving the debtor time, he should stand in the shoes of existing creditors as respects the aggregate amount of their several demands, and be secured by the mortgage in question. We are not convinced that failure to give the debtor a reduction on his original indebtedness to the extent of the discount infected the mortgage with usury. The case of Compton et al. v. Collins et al., 190 Ala. 499, 67 So. 395, cited by appellants, is not analogous to this, as will appear on reading the facts of that case in connection with the decision. The parties treated the debt to Alexander equal in amount to the aggregate amounts of the debts he had taken care of. We repeat there appears no difference in principle from the case which would have arisen, if Alexander had stepped in by independent negotiations and bought up these claims, at a discount, and then taken a mortgage for the aggregate. Our view of the true indebtedness, as lawfully agreed upon by the parties, was this aggregate represented by the face of the mortgage. We find no error, therefore, in the court's decree in this regard.

Appellants complain that the decree of reference is not broad enough to cover certain items of equipment, trade-fixtures, etc., which were taken into possession and converted by the mortgagee after his foreclosure.

As of course, full and adequate relief should be granted, which would include any articles whether strictly within the terms of the mortgage or not, if taken under color of such mortgage and foreclosure, and converted or wrongfully dissipated.

We see no occasion to here modify the decree of reference in this regard. It can be enlarged by the trial court, if occasion requires.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.