167 So. 263

## BURLESON v. CLARK.

### 6 Div. 844.

Supreme Court of Alabama.
April 9, 1936.

Wm. L. Chenault, of Russellville, for appellant.

John P. Middleton, of Hamilton, for appellee.

FOSTER, Justice.

This is a statutory suit to quiet the title to some land.

Complainant was the owner at one time, and being indebted to T. W. Carpenter, he sold the land to Holcomb, who executed a mortgage to Carpenter, but never paid it. Complainant owed Carpenter another debt, and claims that in the fall of 1929, soon after the Holcomb mortgage became due, he paid it as well as the other debt to Carpenter, but that Carpenter held the mortgage for the protection of complainant in event Holcomb should not reconvey it to complainant. But he did reconvey it to complainant the following March. In October of that year, 1930, Carpenter was sick and went to the hospital and died in October, 1931. On the day Holcomb made the deed to complainant, Carpenter sent a note to Holcomb (appearing on page 48 of the transcript), requesting him to do so, and stating that he would send Holcomb his note as soon as he (complainant) "makes me (Carpenter) one." There is a word "paid" on it. Whether Carpenter put it there, the evidence is conflicting, and its meaning is not clear if authentic. When complainant claims to have paid Carpenter, he received no receipt and has no documentary evidence of doing so, and Carpenter's books did not show it. Carpenter was a storekeeper, and kept books. Complainant had a second mortgage from Holcomb. There is no evidence which explains why complainant did not get the mortgage from Carpenter after Holcomb made him the deed. In fact, Carpenter could have transferred the mortgage to complainant, and protected him as well or better than to hold it for complainant, who had absolutely no showing that he had paid it or had any interest in it. Com-plainant even then made no claim until Carpenter died, and commissioners interviewed him when he claimed to have paid it by check and showed them a stub of a check made the year before (1928), and whose date was changed, and the amount of which was credited by Carpenter on his account.

The mortgage was included in a distribution of the estate, and was foreclosed when respondent became the purchaser.

 The court found that the evidence was not satisfactory to the effect that the mortgage was paid, and decreed that respondent was the owner of the land. The burden is on complainant to show to the reasonable satisfaction of the court that the mortgage was fully paid. We do not think that he has met that burden, and concur in the finding of the trial court having in mind the fact that the witnesses were not examined in open court in the presence of the judge, and we understand that there is no presumption in favor of the finding. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Blair v. Jones, 201 Ala. 293, 78 So. 69.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.