15 So.2d 497

**WALLING v. OLIVER FARM EQUIP-MENT CO. et al.**

**8 Div. 247.**

Supreme Court of Alabama.

Nov. 4, 1943.

Jere Murphy, of Huntsville, for appellant.

Watts & White and Griffin & Ford, all of Huntsville, for appellees.

STAKELY, Justice.

This is an appeal from a decree overruling the demurrer of appellant to the cross-bill of appellees. Eileen W. Walling (appellant) filed her original bill against her husband, V. Luke Walling, and certain of his unsecured creditors (appellees), to quiet title to certain lands described in the bill. The bill was filed pursuant to the statutes which provide for such bills, Code of 1940, Title 7, § 1109 et seq., and contains the requisite statutory allegations. In addition thereto the bill sets forth the source of complainant's (appellant's) title and prays among other things that a deed executed and delivered by complainant to her husband, V. Luke Walling, be declared null and void and a cloud upon her title. The deed here referred to, dated June 29, 1940, purported to reconvey to him the real estate involved in this litigation which her husband had previously deeded to her on June 28, 1940.

The answer and cross-bill in effect denied complainant's title to the lands and took the position that V. Luke Walling, her husband, was the owner of the lands and, accordingly, such lands should be subjected to the payment of the debts owing to appellees as creditors of her husband. In order to reach this end, the answer and cross-bill denied the invalidity of the deed dated June 29, 1940, from complainant to her husband and attacked as a fraud on creditors, Code of 1940, Title 20, § 7, the deed dated June 28, 1940, from V. Luke Walling to complainant and also attacked on the same ground certain consent decrees rendered January 29, 1942, and March 2, 1942, by the Circuit Court of Madison County whereby title to part of the lands was sought to be vested in complainant.

■ The appellant complains that the relief sought by appellees in the cross-bill is beyond the scope of the statutory system for quieting title which she has invoked by her original bill. This contention is not sound. It is true that as unsecured creditors of V. Luke Walling, appellees have no "right, title, interest in or incumbrance upon" the lands, which could be set up in an answer to the bill. But this does not preclude appellees by cross-bill from seeking affirmative relief beyond the relief afforded by the statutory system. The cross-bill does this by the assertion of an independent equity. Manning v. Manning, 203 Ala. 186, 82 So. 436; Dodd v. Deepwater Coal & Iron Corp., 233 Ala. 392, 171 So. 732; Chestang v. Bower et al., 224 Ala. 469, 140 So. 537; Hinds v. Federal Land Bank of New Orleans, 235 Ala. 360, 179 So. 194.

■ It is further insisted by appellant that the cross-bill is multifarious in that in one aspect it asserts title in V. Luke Walling by reason of the validity of the deed from complainant to her husband and in another aspect attacks as fraudulent the deed from V. Luke Walling to complainant. While the issue of the validity vel non of the deed from complainant to her husband would, we think, be determined on the issues made by the original bill and the answer, still there would be no multifariousness even if this issue is made by the cross-bill. The sole purpose of the cross-bill is to establish title in V. Luke Walling so that the property may be subjected to his debts. This can obviously be attained either by establishing the validity of the deed from complainant to her husband or by setting aside his deed to her. The lands described in both deeds were identical. The cross-bill is not multifarious. Smith v. Young, 173 Ala. 190, 55 So. 425; Equity Rule 15, Code 1940, Tit. 7, Appendix.

■ To avoid any misunderstanding, it should be understood that in the event title is held good in V. Luke Walling either by reason of the invalidity of the deed from him to his wife or by reason of the validity of the deed from her to him, it will still be necessary for cross-complainants to set aside the consent decrees, entered in 1942, in order to reach that part of the lands affected by these decrees. The attack on the decrees as fraudulent is another phase of the cross-bill. Attack on the decrees is authorized by Code of 1940, Title 20, § 7.

■ It is further insisted by appellant that there is no allegation in the cross-bill that cross-complainants (appellees) were creditors of V. Luke Walling at the time he executed and delivered the deed to his wife on June 28, 1940. (It is alleged that cross-complainants were creditors of V. Luke Walling at the time the decrees were suffered in the partition proceeding.) It was not necessary, however, that appellees be creditors of V. Luke Walling at the time of the execution and delivery of the deed, provided actual fraud was perpetrated with the intention of defrauding subsequent creditors. McCrory et al. v. Donald, 192 Ala. 312, 68 So. 306. There was no ground of demurrer attacking the cross-bill in this regard. Besides, the several grounds of demurrer were addressed to the cross-bill as a whole and not to any particular aspect of the cross-bill. Thompson v. Brown, 200 Ala. 382, 76 So. 298; Birmingham Trust & Savings Co. et al. v. Cannon, 204 Ala. 336, 85 So. 768. The court was not in error in this regard.

■ Finally, appellant denies the jurisdiction of the court to determine the matters presented in the cross-bill on the theory that V. Luke Walling being in bankruptcy, the bankruptcy court has sole jurisdiction. The original bill alleges that V. Luke Walling had filed a voluntary petition in bankruptcy and further that the institution of the present suit against the creditors was authorized by the bankruptcy court. The cross-bill alleges that the referee in bankruptcy, having jurisdiction of the debtor's petition, has made an order authorizing the institution of the cross-bill.

■ Accordingly, appellant has no ground for grievance, as the proceedings were not a denial of the jurisdiction of the bankruptcy court. The right to institute such proceedings in the state court were expressly conferred by the bankruptcy court, as it had the right to do. And the orders of the bankruptcy court cannot be collaterally attacked. Maynor v. Schaefer, ante, p. 111, 11 So.2d 846; Farkas v. Katz, 5 Cir., 54 F. 2d 1061; 6 Am.Jur. 557; Remington on Bankruptcy, 4th Ed., Vol. 1, § 465, p. 581.

There was no error in the decree of the lower court overruling the demurrer to the cross-bill.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.