26 So.2d 270

**PRYOR v. DEED et al.**

2 Div. 210.

Supreme Court of Alabama.
March 7, 1946.

Rehearing Granted April 11, 1946.

Further Rehearing Denied June 13, 1946.

J. C. Locke and Clifton C. Johnston, both of Marion, for appellant.

Frank Gordon, of Marion, for appellees.

·108

STAKELY, Justice.

This is a statutory proceeding to quiet title. Section 1109 et seq., Title 7, Code of 1940. The record shows that the bill contains the statutory requisites. In his answer, which is prayed to be taken as a ·cross-bill, the respondent (appellant) claims a mortgage on the lands, alleges that the indebtedness secured thereby is due and unpaid and prays for a sale to satisfy the debt. Trial of the case resulted in a ,decree in favor of the complainants (appellees), free of the incumbrance claimed by the re- ,spondent. This appeal is from that decree.

Decision in the case turns on whether the mortgage debt was paid or unpaid. And this question, as we understand the evidence and ˙the argument of counsel, depends on whether an item of $1,000, with interest thereon, which we shall term a commission or bonus, should ᖯe credited on the mortgage debt. It is our understanding that the court allowed the credit on the theory that its exaction constituted usury.

Jordan Deed died intestate in 1912. He was the father and grandfather of com-plainants. At the time of his death he owned the lands described in the bill of complaint. After his death, several of his children thought that the family needed more land to cultivate. Accordingly in 1913 they purchased from Mrs. M. P. Moore one hundred and sixty acres of land near their home place, paying $1,500 in cash and executing a mortgage to her for $4,500 to secure the balance of the purchase price. In view of defaults in payment and as additional security for the foregoing indebtedness, the Deeds subsequently also executed to Mrs. M. P. Moore a mortgage on the home place.

Later on there was further default in payment of the mortgage indebtedness and Mrs. M. P. Moore commenced foreclosure of both mortgages. On February 20, 1917, at the request of the mortgagors that he take up the mortgages, the respondent acquired both mortgages by taking a transfer thereof to himself from Mrs. M. P. Moore. In addition to proof of various payments made to the respondent on the mortgage debt, the respondent admitted that when he took over the mortgages, he required the Deeds to pay him a ᖯonus or commission of $1,000. This amount was not added to the debt secured by the real estate, but was secured by a mortgage on personal property, and with interest thereon was subsequently paid by the Deeds.

In Compton v. Collins, 190 Ala. 499, 67 So. 395, this court held that when a contract is usurious, payments are to be credited on the principal of the debt as they are made. Did the charge of the commission or bonus make the contract usurious? If so, there must have been either a loan made by the respondent or his forbearance of a debt. Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A.L.R. 1437. It is immaterial, however, whether the mortgagors acquired use of the money "by a present loan, or by forbearance of an independently created indebtedness." Law, Clark & Co. v. Mitchell, 200 Ala. 565, 76 So. 923, 924.

In the case of Gibson et al. v. Alexander, 231 Ala. 77, 163 So. 601, 603, this court held that "commissions to lender himself do infect the transaction with usury." But

here the proof does not show the respondent to be a lender, but rather the purchaser of a loan already made. There is nothing to show that the transaction originated in an agreement for a loan by the respondent to the mortgagors or became a loan and that the form of transaction was a mere device to cover usury. In this connection, this court has said, "It is well-known law that an investor may purchase *choses in action* from the holder at any discount the parties may agree upon: 'and this is true even when the purchase is made at the request of the debtor, who, to induce such purchase, agrees to secure by mortgage the amount actually due, or pays a bonus or gratuity, or pays the creditor the amount of the discount, either with or without the knowledge of the purchaser. On the other hand if a transaction, in the form of a discount or sale, is in reality a loan at a rate greater than the legal rate, it is usurious.' * * *" Gibson v. Alexander, supra.

■ Does the proof show such a forbearance as to taint the transaction with usury? The evidence is vague as to the understanding between the respondent and the mortgagors. Nothing was said as to the future status of the transaction. At best it shows merely an agreement to take up the mortgages in order to prevent foreclosure, for a fee of $1,000. There is no claim that the original loan was infected with usury. There is nothing to show either cancellation of the original debt or its renewal. There is nothing to show forbearance for a specified period of time. The proof accordingly does not meet the requirements of our cases. "We have given full cognizance to the rule that, where the original contract was not usurious, a subsequent agreement to pay usurious interest *in consideration of forbearance for an indefinite time,* the original contract remaining in full force, does not impart to it the taint of usury. * * *" Valley Mortg. Co. v. Patterson, 30 Ala.App. 492, 8 So.2d 213, 215. [Italics supplied.] See also Read v. Flaketown Graphite Co., 206 Ala. 611, 91 So. 258; Goodgame v. Dawson, 242 Ala. 499, 7 So.2d 77; Bernheimer v. Gray, 201 Ala. 462, 78 So. 840; Woodall v. Kelly Co., 85 Ala. 368, 5 So. 164, 7 Am. St.Rep. 57; Van Beil v. Fordney, 79 Ala.

76; Crew v. Peoples Trust & Savings Co., 239 Ala. 615, 195 So. 900.

■ We do not consider the fact that the bonus or commission was not added to the real estate mortgage, but was secured by personal property, within itself saves the transaction from usury, because, as was held in Grider v. Calfee et al., 242 Ala. 50, 4 So.2d 474, 475, this court will look to the substance and effect of a transaction rather than its form and "if, from a consideration of the whole transaction, it becomes apparent that there exists a corrupt intent to violate the usury laws, the plain duty of the court is to inflict the penalty imposed by the statute."

■ It is also contended by the appellant that since usury was not mentioned in the pleading it cannot be considered by the court. Since the case must be tried again and as a guide to the lower court, we do not consider that it is necessary for complainants to allege usury in the bill of complaint, because all that is necessary there are the allegations required by the statute. Reeder v. Cox, 218 Ala. 182, 118 So. 338; Behan v. Friedman, 218 Ala. 513, 119 So. 20; Hinds et al. v. Federal Land Bank of New Orleans, 235 Ala. 360, 179 So. 194; Burleson v. Clark, 232 Ala. 119, 167 So. 263.

■ But here the answer is prayed to be taken as a cross-bill and the property sold to satisfy the debt. In the answer to the cross-bill, the cross-respondents deny the allegations in the cross-bill that the mortgage indebtedness is due and unpaid. Since the cross-bill and the answer thereto are beyond the statutory system to quiet title, and are not governed thereby (Walling v. Oliver Farm Equipment Co., 244 Ala. 674, 15 So.2d 497), we think the answer to the cross-bill should contain adequate allegations as to usury. Nance et al. v. Gray, 143 Ala. 234, 38 So. 916, 5 Ann. Cas. 55.

The decree of the lower court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.

110

On Rehearing.

STAKELY, Justice.

It is urged on application for rehearing that entirely apart from any question relating to the $1,000 bonus or commission, there is evidence to sustain the decree of the court to the effect that the mortgage indebtedness was paid prior to the institution of this suit. We have carefully examined the record and think that this is correct. Althought there was little discussion of this feature of the case by counsel for appellees, and much emphasis on usury growing out of the charge of the bonus or commission, still we think there was sufficient argument on the original submission to justify us in considering the matter now. There is no need to go into the evidence in detail. The account between the parties involving mortgages on both real and personal property and the admitted credits thereon have been carefully considered. The witnesses testified orally before the court. The court found that the mortgage debt was paid without stating the basis for the court's conclusion. Accordingly, we now think, considering all the evidence, that conclusion should not be disturbed, since it is not palpably wrong. Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555; Fuller v. Blackwell, 246 Ala. 476, 21 So.2d 617.

The rehearing is granted. The judgment of reversal is set aside, and the decree of the lower court is affirmed.

Rehearing granted.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.