PETER G. TEN EYCK, as Commissioner of Agriculture and Markets of the State of New York, Respondent, *v.* JAMES D. LOMBARD, Appellant.

Third Department, May 13, 1936.

*Blumberg & Conley* [*Richard B. Conley* of counsel], for the appellant.

*Henry S. Manley, Counsel to the Department of Agriculture and Markets* [*Robert G. Blabey, Assistant Counsel* of counsel], for the respondent.

RHODES, J. The complaint in this action alleges in substance " upon information and belief " that the defendant has acted as a broker or agent in the sale of milk in the city of New York

and at other places within the State, and as such broker or agent has dealt in or handled or sold or distributed milk and cream and continues so to do and that the said acts of the defendant are of the kind and nature for which a milk dealer's license is required pursuant to the provisions of article 21 of the Agriculture and Markets Law. Such complaint demands judgment restraining and enjoining defendant from in any manner dealing in or handling or selling or distributing milk and from in any manner acting as a milk broker or agent in the handling or sale or distribution of milk without the requisite license. The answer denies these allegations and specifically alleges that the acts, deeds and conduct and business of the defendant are not of the nature for which such milk dealer's license is required. It further alleges that the said statute in so far as the same is claimed to apply to or affect the defendant is unconstitutional and in violation of article V of the amendments of the Constitution of the United States of America and section 1 of article XIV of the amendments of said Constitution and article I, section 6, of the Constitution of the State of New York. At the time of the commencement of the action plaintiff moved for an injunction *pendente lite* restraining the defendant from doing any of the enumerated acts complained of without the requisite milk dealer's license, and it is the temporary injunction order granted pursuant to such motion from which the appeal herein is taken.

From the moving and opposing affidavits used on the motion it may be stated in brief that defendant is employed by the Little Falls Dairy Company, Inc., and his duties appear to be to find new customers and outlets for the company's milk, investigate prospective and present customers as to credit reliability, etc., keep his employer advised as to conditions generally and under the direction of said company negotiate contracts and agreements for marketing mi k with said customers and collect payment checks from the customers and transmit them to his employer, which are always payable to the order of said employer and all his acts are done under the commands, directions and supervision of said employer, for which defendant is paid a certain number of cents for each forty-quart can of milk sold and delivered by the company to the trade in the territory to which defendant is assigned.

It is these acts which the plaintiff says the defendant may not perform without a license and which the defendant asserts are not covered by the purview and intent of the statute. Section 253 of the Agriculture and Markets Law defines " milk dealer " to mean " any person who purchases or handles or sells milk, including

brokers, agents, co-partnerships, co-operative corporations and unincorporated co-operative associations * * *. A hotel or restaurant which sells only milk consumed on the premises where sold, or a producer who delivers milk only to a milk dealer, shall not be deemed a milk dealer." Section 257 of said law provides: " No milk dealer shall buy milk from producers or others or deal in, handle, sell or distribute milk unless such dealer be duly licensed as provided in this article."

It is apparent that the language referred to is by its terms broad enough to include any person in any way engaged in the production, sale or distribution of milk. Clearly the statute by its spirit and intent is not so all inclusive. Whether the statute is applicable to defendant's activities and whether if thus applicable it violates his constitutional rights are matters which should not be determined upon affidavits. The validity and effect of the statute and its application to the defendant should not be determined until the true facts are ascertained and determined after a trial. This is particularly important in view of the fact that compliance with the order will apparently completely restrain defendant from engaging in his present occupation unless he applies for and obtains a license and, therefore, will interfere with the *status quo* pending a determination on the merits. (See *Elk Street Market Corporation* v. *Rothenberg*, 233 App. Div. 243; *Bachman* v. *Harrington*, 184 N. Y. 458; *Moller* v. *Lincoln Safe Deposit Co.*, 174 App. Div. 458.)

The order appealed from should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.