Defiance Milk Products Company, Appellant, v. C. Chester Du Mond, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— Appeal from an order of the Supreme Court Special Term, entered in Albany County on July 16, 1953, denying plaintiff's motion under rule 113 of the Rules of Civil Practice to strike out the answer of the defendant and for summary judgment. The complaint alleges in substance that the plaintiff is engaged in the manufacture, sale and distribution of evaporated skimmed milk in fourteen and one-half ounce containers. Plaintiff's place of business is in the State of Ohio, and it is alleged that there and in other States plaintiff's product is sold. Plaintiff was notified that the sale of its product in fourteen and one-half ounce containers in New York State was in violation of subdivision

2 of section 64 of the Agriculture and Markets Law, the pertinent paragraph of which reads: " No person shall sell or exchange, or offer or expose for sale, or exchange, any condensed or evaporated skimmed milk, except it be in containers or packages containing ten pounds avoirdupois net weight or more, which containers or packages shall be distinctly labeled, branded or marked in block letters not less than one-half inch in height, with the words ' Condensed Skimmed Milk ' or ' Evaporated Skimmed Milk ' ". This action is brought for a declaratory judgment declaring the quoted statute unconstitutional as repugnant to the due process clauses of the Federal and State Constitutions. While the constitutionality of a statute may be tested in an action for declaratory judgment, we think the lower court properly declined to adjudicate the matter upon affidavits. The answer contains substantial denials. The answering affidavits raise the issue that the statute is a reasonable regulation under the police power of the State. A fair inference from the answering affidavits is that the Legislature intended to prevent customers from mistakenly purchasing evaporated skimmed milk for evaporated whole milk because of the similarity in the size of the package. When the only issue involved is the constitutionality of a statute, and particularly when the police power of the State is involved and the question has to do with the reasonableness of the regulation, it is impossible for pleadings to state the specific facts with the clear-cut precision that may be possible in other types of litigation. An issue is raised by the mere allegation that the statute is a reasonable regulation. The matter should not be determined until all of the background and history of the legislation is before the court. We do not think that the constitutionality of a statute which has remained unchallenged for thirty years should be determined upon affidavits. Under the circumstances the background facts should be developed. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.