378 P.2d 355

**Allen HALLSTROM and Johanna C. Hallstrom, Plaintiffs and Respondents,**

**v.**

**L. M. BUHLER and Monica Buhler, his wife, Defendants and Appellants.**

**No. 9730.**

Supreme Court of Utah.

Jan. 21, 1963.

Moyle & Moyle, Salt Lake City, for appellants.

Jed W. Shields, Warren M. Weggeland, Salt Lake City, for respondents.

WADE, Justice.

This is an appeal by the Buhlers from a summary judgment granted the Hallstroms in their action to foreclose a mortgage on real estate in Utah given them by the Buhlers to guarantee the payments to become due by third-party purchasers of a real estate contract covering property in Idaho.

The record discloses that the Buhlers were purchasing under a real estate contract a farm located in Idaho and later by contract sold their equity in this farm and also personal property to third parties. The Buhlers assigned to the Hallstroms all their right, title and interest in the real property which was the subject of the contracts between themselves and the owner of the farm and the one between themselves and the purchasers of their equity in the farm. The assignment does not mention the personal property which the Buhlers sold in their contract with the third parties but does specifically describe the real property which was the subject of those contracts of sale. The consideration for the assignment was $14,371 and the amount owed by the third parties for the real estate at that time was $19,938.86, which under the terms of the contract was to be paid in nine years and four months from the date of the assignment with interest at the rate of 5%, which should have netted the Hallstroms upon its completion $25,615.96. Concur-

rently with the assignment to the Hallstroms, the Buhlers executed for that amount ($25,615.96) the mortgage foreclosed herein. The mortgage recited that it was given to secure the performance by the purchasers of the Idaho property of the contract between them and the Buhlers, and to guarantee the payment of the sums which would become due and payable under that contract and assignment.

It appears that the purchasers made a payment of $3,200 due under their contract with the Buhlers for one year and then abandoned the property and made no further payments. The Hallstroms subsequently paid $1,180 to the title holders of the Idaho property due them on their contract of sale to the Buhlers, $967.50 to a mortgagee of the Idaho property for a payment due on the mortgage and $302.02 for taxes due on that property. These sums were paid after the Hallstroms commenced this action to foreclose the mortgage and were not specifically included in the sums alleged in the complaint to be due but the complaint did contain a prayer for such "other and further relief" as the court should deem just and proper.

The court granted the Hallstroms a judgment for these sums as well as for amounts it found to be due under the contract as pleaded in the complaint.

Appellants' appeal is based on the contention that because they had sold and assigned their rights pertaining to the real property in Idaho in their contract with the third-party purchasers for a sum much less than would become due upon fulfillment of its provisions by such third-party purchasers, and because Hallstroms in addition demanded and got a mortgage from appellants guaranteeing the performance of these conditions and the payments to become due thereunder, that the court erred in granting the summary judgment and refusing to grant a trial to determine whether or not in fact the transaction was a loan at a usurious rate of interest and not a sale. In support of this contention is cited Britz v. Kinsvater, Freedman v. Henderschott, DeWulf v. Bissel, Cowles v. Zlaket,[1] and also annotation in 154 A.L.R. commencing on page 1063. This annotation concerns itself with "[T]ransaction in form a sale, but accompanied by an agreement or option for repurchase by the vendor or a third person previously interested, as a loan, as regards usury law * * *." In all the cases cited in support of appellants' contention the apparent sale was accompanied by an option or right by the seller to repurchase.

---

1. Britz v. Kinsvater, 87 Ariz. 385, 351 P. 2d 986; Freedman v. Hendershott, 77 Idaho 213, 290 P.2d 738; DeWulf v.

Bissell, 83 Ariz. 68, 316 P.2d 492, and Cowles v. Zlaket, 167 Cal.App.2d 20, 334 P.2d 55.

In the instant case the Buhlers were not bound to repurchase the contract nor were they given such right, nor is any such claim made by them. The record of the entire transaction indicates that the Hallstroms refused to purchase the contract even at the discount offered unless the performance of the conditions of the contract by third parties was guaranteed to their satisfaction. The mortgage foreclosed herein guaranteeing such performance was given by the Buhlers to induce the purchase by the Hallstroms of the contract.

■ The only reasonable interpretation of the transaction as evidenced by the written documents, pleadings and pre-trial order based on the discussion between the court and counsel was that it was a sale and not a loan. This is so because no right was given to the sellers to regain the property sold upon payment of any given amount as there would be if the transaction were one to cover up a usurious loan secured by the property purportedly sold. The court therefore did not err in granting the motion for the summary judgment.

■■ Appellants' contention that the Hallstroms were not entitled to pursue their remedy against them as guarantors because they had not been given notice of the third parties' breach of their contract and had further failed to fix their loss under that contract is without merit. The recital in the mortgage unequivocally states it was given to secure the performance of the terms and conditions of the contract assigned to the Hallstroms and that the "purpose of this mortgage is to guarantee to the above named mortgagees the payment * * * of the sums that will be due and payable to the above named mortgagees under said contract and assignment." This was an absolute guaranty and upon the default of the third parties the Buhlers became liable to perform in their steads and upon their failure this action was properly brought without any further action being necessary on the part of the mortgagees.[2]

■ We also find no merit to appellants' contention that the court erred in granting judgment for the amounts expended by the Hallstroms for the payments due the title holders, and the mortgagee of the Idaho property, and for the taxes due on such property because such items were not specifically mentioned in the complaint. From the record it appears that appellants filed an affidavit in support of a motion to amend the pretrial order entered in this case in which they admitted that the Hallstroms made the payments for which judgment was given in addition to the amounts

2. Wall v. Eccles, 61 Utah 247, 211 P. 702.

specifically pleaded in the complaint. They do not contend they would not be liable for these additional amounts if respondents' pleadings had included them and were therefore prejudiced in their defense by the respondents' failure to so plead. Under Rule 15(b) U.R.C.P. it is provided that even though issues are not raised by the pleadings in a case, if the parties either by express or implied consent actually try an issue without specifically pleading it, it shall be treated as if it had been raised in the pleadings.[3] The record shows that in the contract with the third parties which was assigned by the Buhlers to respondents, the third parties assumed the payments to become due to the titleholder and the mortgagee of the Idaho property as well as the taxes which would become due. The court therefore did not err in granting judgment for the amounts expended by respondents for these obligations.

Affirmed. Costs to respondents.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

3. Rule 15(b) U.R.C.P. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. * * *" Seamons v. Anderson, 122 Utah 497, 252 P.2d 209, and Buehner Block Co. v. Glezos, 6 Utah 2d 226, 310 P.2d 517.