CONSUMER-FARMER MILK COOPERATIVE, INC., Appellant, *v.* DON J. WICKHAM, as Commissioner of Agriculture and Markets of the State of New York, Respondent.

Third Department, May 20, 1966.

*Marcus, Maltinsky & Marcus* (*Herbert L. Maltinsky, Robert B. Marcus* and *Lawrence K. Katz* of counsel), for appellant.

*Thomas G. Conway* and *Robert G. Blabey* for respondent.

GIBSON, P. J. Appeal is taken by plaintiff from an order of the Supreme Court at Special Term which denied plaintiff's motion for summary judgment in an action (1) for declaratory judgment *inter alia* that defendant Commissioner may not impose any restraint upon plaintiff to prevent it from transporting, selling or delivering its milk and dairy products which are produced, processed or packaged in the State of New Jersey to any licensed milk dealer in the State of New York and (2) for a permanent injunction *inter alia* restraining defendant from interfering with its sales, deliveries or transportation within the State of New York of its milk and dairy products produced, processed or packaged in the State of New Jersey.

Licensure of milk dealers is required by section 257 of the Agriculture and Markets Law which provides, also, that "It shall be unlawful for a milk dealer to buy milk from or sell milk to a milk dealer who is unlicensed".

Appellant, a New York corporation organized pursuant to the Cooperative Corporations Law, operates a milk receiving station and plant at Belle Mead, New Jersey, where milk received from producers is pasteurized and packaged in containers. Pursuant to its license as a milk dealer as defined by the New York statute (Agriculture and Markets Law, § 253, subd. 4), appellant distributes from its depot in Long Island City, New York, milk processed at its New Jersey plant to other licensees, as well as to retail customers, in the counties of New York, Kings, Queens and Bronx, to which four counties its New York license is limited; but appellant has never applied for an extension of its license to Sullivan County, where a seasonal demand for some of its products exists, and respondent Commissioner's directions to certain milk dealers there that they desist from purchasing milk transported or sold by appellant in Sullivan County precipitated this action.

Appellant's contention is, in essence, that inasmuch as sales and deliveries of milk from its New Jersey plant to dealers in New York are transactions in interstate commerce, the Commerce Clause (U. S. Const., art. I, § 8, cl. 3) inhibits any interference with them on the part of the respondent. That issue raises questions which cannot be summarily determined on the papers before us and plaintiff's motion was properly denied.

The issue of unlawful interference cannot be as readily determined as appellant suggests; and, indeed, in cases of this nature that issue in itself raises subsidiary questions of fact upon the resolution of which the ultimate determination must rest. Not every hindrance to the free and untrammeled movement of goods in interstate commerce is unlawful. The paramount power over interstate commerce conferred upon the Congress by the Commerce Clause is not to be treated as exclusive of powers of proper regulation residing in the States. (*Cooley* v. *Board of Wardens of Port of Philadelphia,* 12 How. [53 U. S.] 299.) "Absent congressional action, the familiar test is that of uniformity versus locality; if a case falls within an area in commerce thought to demand a uniform national rule, state action is struck down. If the activity is one of predominantly local interest, state action is sustained. More accurately, the question is whether the state interest is outweighed by a national interest in the unhampered operation of interstate commerce." (*California* v. *Zook,* 336 U. S. 725, 728.) In the case before us,

the controversy and the basic issue arise upon the State's requirement that appellant, already licensed as a milk dealer in four New York counties, be licensed in Sullivan County as well, before entering that county and selling its milk there. Implicit in appellant's contention is the thesis that the requirement of a license to operate there or elsewhere in New York is in derogation of the Commerce Clause and therefore unenforcible; but the interest of a State in the welfare of its producers and consumers of milk is authoritatively recognized as sufficient to warrant and validate (in the absence of Federal regulation) the imposition of appropriate licensing and bonding requirements and, indeed, price regulation, even though interstate commerce be incidentally or indirectly burdened thereby. (*Milk Bd.* v. *Eisenberg Co.*, 306 U. S. 346.) The continued vitality of the *Eisenberg* decision and of the principle there enunciated has been frequently attested. (See, e.g., *Hood & Sons* v. *Du Mond*, 336 U. S. 525, 530; *Cities Serv. Co.* v. *Peerless Co.*, 340 U. S. 179, 186; *Breard* v. *Alexandria*, 341 U. S. 622, 637; *County Bd. of Arlington County* v. *State Milk Comm.*, 346 U. S. 932; *Polar Co.* v. *Andrews*, 375 U. S. 361, 378; *State* v. *Pure-Vac Dairy Prods. Corp.*, 251 Miss. 457, 472, dsmd. for want of a substantial Federal question 382 U. S. 14.)

We find inapposite the cases upon which appellant relies, principally *Baldwin* v. *G. A. F. Seelig, Inc.* (294 U. S. 511), which preceded, and was discussed and distinguished in *Eisenberg* (306 U. S. 346, 353, *supra*), and *Matter of De Korte* v. *Du Mond* (273 App. Div. 188, app. dsmd. 298 N. Y. 695), in which the somewhat broad language cited by appellant does not delineate the more restricted basis of the decision. At most, however, neither case mandates, nor supports, appellant's claim of entitlement to summary judgment. The respondent, although relying on *Eisenberg* as stating the controlling principle of law, does not press for summary judgment in his favor, having on the motion considered, he says, " that the better practice was to proceed to trial of the interstate commerce issue ", thus, as also indicated in his brief, to afford a more secure factual foundation for appellate review.

We find, in any event, that a plenary trial of the determinative issues is required. As has been held, " courts must examine closely the facts of each case to determine whether the dangers and hardships of diverse regulation justify foreclosing a State from the exercise of its traditional powers " (*Colorado Comm.* v. *Continental*, 372 U. S. 714, 719); the same court recognizing " the absence of any one, sure test for deciding these burden-on-commerce cases " and noting the " importance of a particular-

ized inquiry into the existence of a burden on commerce'' (p. 720). This case presents such issues as those tendered by appellant's claims of discriminatory action and unreasonable regulation and, as pertinent to both, perhaps, the facts concerning the volume of, and other relevant factors concerning the commerce in question. We have previously held that these issues, or issues similar to them, are not susceptible of summary determination. Thus, in *Ten Eyck* v. *Lombard* (247 App. Div. 439, 441) we said: ''Whether the statute is applicable to defendant's activities and whether if thus applicable it violates his constitutional rights are matters which should not be determined upon affidavits. The validity and effect of the statute and its application to the defendant should not be determined until the true facts are ascertained and determined after a trial.'' Again, in *Defiance Milk Prods. Co.* v. *Du Mond* (282 App. Div. 977, 978), which dealt with another provision of the Agriculture and Markets Law regulating the sale of milk, this court stated: ''When the only issue involved is the constitutionality of a statute, and particularly when the police power of the State is involved and the question has to do with the reasonableness of the regulation, it is impossible for pleadings to state the specific facts with the clear-cut precision that may be possible in other types of litigation. An issue is raised by the mere allegation that the statute is a reasonable regulation. The matter should not be determined until all of the background and history of the legislation is before the court. We do not think that the constitutionality of a statute which has remained unchallenged for thirty years should be determined upon affidavits. Under the circumstances the background facts should be developed.''

The order should be affirmed.

HERLIHY, REYNOLDS, TAYLOR and AULISI, JJ., concur.

Order affirmed, with costs to respondent.