419 P.2d 385

**Elizabeth A. BROWN, Marjorie Edmiston and June DeMille, or their successors in office as members of and constituting the Arizona State Board of Cosmetology, Appellants,**

v.

**Mandell B. WHITE, dba Arizona Academy of Beauty, Appellee.**

**I CA–CIV 304.**

Court of Appeals of Arizona.

Oct. 21, 1966.

Darrell F. Smith, Atty. Gen., by John V. Riggs and James D. Winter, Asst. Attys. Gen., for appellants.

Arthur Goldbaum, Tucson, for appellee.

Snell & Wilmer by Mark Wilmer, Phoenix, brief amicus curiae on behalf of appellants.

Hirsch & Pakula, by Arthur L. Hirsch, Tucson, brief amicus curiae on behalf of the Tucson Beauty College, Inc., Chenault School of Beauty Culture, Inc., American Beauty College, and Golden School of Beauty.

CAMERON, Judge.

This is an appeal from a judgment of the lower court declaring Section 32–551, subsec. B, par. 3 A.R.S. and Rule IV of the Rules and Regulations of the Arizona State Board of Cosmetology to be unconstitutional. The judgment further ordered that the defendant members of the Arizona State Board of Cosmetology be permanently restrained and enjoined from enforcing the provisions of said statute and rules.

The judgment was granted by the court after plaintiff moved for judgment on the pleadings pursuant to Rule 12(c), Rules of Civil Procedure, 16 A.R.S. We are called upon to determine whether there was a sufficient fact question raised by the pleading and affidavit to make the judgment of the court improper' or premature.

The facts necessary for a determination of this matter on appeal are as follows: Plaintiff filed a complaint for declaratory judgment and injunction alleging in part as follows:

"III

"Arizona Revised Statute, Section 32–551(b) (3) reads as follows:

'It is unlawful:

For a cosmetology school to advertise for customers or patrons, or to pay compensation to its students, except as prescribed in paragraph 10 of this subsection.'

"Rule IV of the Rules and Regulations of the Arizona State Board of Cosmetology reads as follows:

(A) 'All advertising of cosmetology schools shall be made upon an appeal for students of cosmetology and not so framed as to be an appeal to the general public for services to them for lower prices.'

(B) 'Cosmetology schools shall not advertise or offer any inducement to procure students other than stating various methods or qualifications for training students of cosmetology.'

"IV

"That the aforesaid Statute and Rule has no reasonable or substantial relation to public health, safety and the general welfare, and, therefore, violate Article 2, Section 4 of the Arizona constitution and Article 14 of the Constitution of the United States."

Defendant's motion to dismiss was denied and an answer filed.

Plaintiff moved for judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure, 16 A.R.S. Defendants resisted plaintiff's motion for judgment on the pleadings and filed an affidavit in support of their position. There being matters outside the pleadings by way of affidavit, the motion will be treated as one for summary judgment under the provisions of Rule 56, Rules of Civil Procedure, 16 A.R.S. Judgment was granted 15 October, 1965, declaring Section 32–551, subsec. B, par. 3, A.R.S., and Rule IV of the Rules and Regulations of the Arizona State Board of Cosmetology to be unconstitutional. The appeal having been perfected, two amicus curiae briefs were filed with the permission of this Court.

We are concerned whether it is reversible error to grant a motion for judgment on the pleadings or summary judgment, where there are constitutional issues involved, and where there are issues of material fact to be determined.

■ The decisions of our Supreme Court and this Court make it clear that judgment on the pleadings pursuant to Rule 12(c) or summary judgment pursuant to Rule 56 may not be granted where there is a genuine issue of fact. Peterson v. Valley National Bank, 90 Ariz. 361, 368 P.2d 317 (1962); Goetz v. Philips, 2 Ariz. App. 370, 409 P.2d 86 (1965). As our Supreme Court has stated:

"A motion for summary judgment should not be granted if upon an examination of the entire record it is determined that there is a disputed fact which, if true, could effect the final judgment. Therefore, the question becomes whether a genuine issue of fact is presented by the record, and not, if one exists, how it should be decided. (citations omitted) A motion for summary judgment is not a trial by affidavit. (citations omitted)

"In resolving the question framed above, the record must be reviewed in the light most favorable to the party opposing the motion for summary judgment." Sarti v. Udall, 91 Ariz. 24, 25, 369 P.2d 92, 93 (1962).

■ In the instant case, the plaintiff has claimed that the statute and rule "has no reasonable or substantial relation to public health, safety and the general welfare." This allegation of plaintiff's complaint is denied in the defendants' answer, as well as the affidavit filed in opposition to plaintiff's motion for judgment on the pleadings. We believe that in the instant case there is a sufficient question of fact for the lower court to determine before judgment may be granted.

■ There is another reason why this motion should not have been granted. The relief prayed for by the plaintiff calls for the setting aside and declaring unconstitutional a statute of the State of Arizona and of the Rules and Regulations of the State Board of Cosmetology. It has been stated:

"It is impossible for pleadings to state the specific facts with the "clear-cut precision that may be possible in other types of litigation. An issue is raised by the mere allegation that the statute is a reasonable regulation. The matter should not be determined until all the background and history of the legislation is before the court. We do not think that the constitutionality of a statute which has remained unchallenged for thirty years should be determined upon affidavits. Under the circumstances the background should be developed." Defiance Milk Products Company v. Du Mond, 282 App.Div. 977, 125 N.Y.S.2d 533, 534 (1953).

We agree, in the instant case, that before the court may set aside as unconstitutional a statute of the State of Arizona, adversary proceedings should be held to more clearly delineate the issues involved and the nature and effect of the relief requested. The reasonableness and constitutionality of the statute and regulation herein depend upon the relevant facts to be determined by the trial court. Nebbia v. People of State of New York, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940 (1933); State of Arizona v. Walgreen Drug Company, 57 Ariz. 308, 113 P.2d 650 (1941).

For the reasons stated above, the decision of the lower court is reversed and the matter remanded for further proceedings not inconsistent with this opinion.

DONOFRIO, J., and IRWIN CANTOR, Judge of the Superior Court, concur.

NOTE: Chief Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge IRWIN CANTOR was called to sit in his stead and participate in the determination of this decision.