JOHN M. SWEENEY et al., Appellants-Respondents, v. ROBERT E. MURPHY et al., Respondents-Appellants, et al., Defendants.

Fourth Department, July 6, 1972.

*Basloe, Basloe & Gallagher (Irving M. Basloe* and *Evalyn G. Basloe* of counsel), for appellants-respondents.

*Philip D. O'Donnell* for respondents-appellants.

MOULE, J. This appeal presents the question of whether sections 300 through 309 of the Town Law are unconstitutional so far as they pertain to the facts in this case.

Plaintiffs reside on 158 acres of land which they own in the Town of Fairfield, New York. They keep no livestock on their land, only 10 acres of which are under cultivation. Their lands are bounded on the north, and partially on the east, by 200 acres of land owned and occupied by defendants, who operate a dairy farm and graze 110 milking cows. The common boundary is approximately 2,200 feet in length.

Section 300 of the Town Law provides in part that: " Each owner of two adjoining tracts of land, except when they otherwise agree, shall make and maintain a just and equitable portion of the division fence between such lands, unless both of said adjoining owners shall agree to let their lands lie open, along the division line, to the use of all animals which may be lawfully upon the lands of either ". Section 303 provides that any dispute between adjoining owners shall be settled by two fence viewers of the town. Section 305 provides that any party who refuses to erect or maintain a division fence shall be liable for the expense in making or repairing the fence.

On June 7, 1971 the defendants Leshinski and Staring, who had been chosen fence viewers, issued a decision directing plaintiffs to repair approximately one half of the existing fence between their property and that of the defendants. Plaintiffs refused to repair the fence and instituted this action to declare sections 300 through 309 of the Town Law unconstitutional or, in the alternative, inapplicable to plaintiffs and their property. Special Term, relying on *Defiance Milk Prods. Co.* v. *Du Mond* (282 App. Div. 977) held that the constitutionality of these statutes, which had been in effect for many years, should not be determined on affidavits.

On this appeal, both parties maintain that there is no question of fact and that nothing further would be developed at a trial. We find that to be so, and under these circumstances we believe summary judgment is proper. (*McCartney* v. *Austin,* 57 Misc 2d 525, affd. 31 A D 2d 370; *Shilbury* v. *Board of Supervisors of County of Sullivan,* 46 Misc 2d 837, affd. 25 A D 2d 688.)

Legislative enactments are supported by a strong presumption of validity and will not be struck down unless their invalidity is established beyond a reasonable doubt. (*Matter of*

*Van Berkel* v. *Powers*, 16 N Y 2d 37; *Wiggins* v. *Town of Somers*, 4 N Y 2d 215.) However as stated in *Fenster* v. *Leary* (20 N Y 2d 309, 314) "a statute whose effect is to curtail the liberty of individuals to live their lives as they would and whose justification is claimed to lie in the exercise of the police power of the State must bear a reasonable relationship to, some proportion to, the alleged public good on account of which this restriction on individual liberty would be justified."

In *Lawton* v. *Steele* (152 U. S. 133, 136–137), the United States Supreme Court set forth the basic standards for evaluating an exercise of a State's police powers, stating " it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals."

Legislation concerning division fences was first enacted in 1788 (L. 1788, ch. 64) and, though it may have served a valid public interest at that time, later events may demonstrate that as applied to certain real property it is now arbitrary and confiscatory (*Defiance Milk Prods. Co.* v. *Du Mond*, 309 N. Y. 537, 541, *supra*).

The statutes in question, if applied to the property of the parties hereto, would deprive plaintiffs of their property, since they would be compelled to erect and maintain at their own expense fences which they neither need nor want.

Even if the division statutes in question are assumed to benefit the general public, questions remain whether the means are reasonably necessary to the accomplishment of that purpose and whether they are unduly oppressive as to the plaintiffs. In some circumstances, requiring a livestock owner to fence in his lands might well be a proper exercise of the police powers of the State. However, requiring an adjoining owner under the circumstances in this case who does not keep livestock, to share the cost of the fence for the benefit of his neighbor is not reasonably necessary to any legitimate public purpose and is oppressive.

We find, therefore, that sections 300 through 309 of the Town Law insofar as they apply to plaintiffs' property are unconstitutional. The order appealed from should be reversed and summary judgment granted in favor of plaintiffs.

GOLDMAN, P. J., DEL VECCHIO, WITMER and HENRY, JJ., concur.

Order unanimously reversed on the law and facts with costs and judgment granted in favor of plaintiffs in accordance with the opinion by MOULE, J.