JOHN R. MARSHALL, JR, ESQ. Town Attorney, Guilford
We acknowledge receipt of your letter asking for an interpretation of the expression "adjoining tract of land" as that expression is used in Town Law § 300.
You describe the following factual situation: two farmers in your town, designated as farmer A and farmer B, own and operate adjoining dairy farms separated by a division fence which now or in the future will need repairs and/or replacement. Farmer A secures and keeps his cattle in an area of his farm which is separated or remote from the division line and his cattle cannot stray onto farmer B's land even if the division fence is out of repair; farmer B keeps his cattle in an area of his farm which is bounded by the division fence and farmer B's cattle can stray onto farmer A's land if the division fence is out of repair.
You request our opinion interpreting the statute so that the obligation to repair and maintain the division fence between farmer A and farmer B can be determined and allocated.
Town Law § 300 formerly provided that owners of adjoining farm land had to share the cost of erecting and maintaining their division fence. The case of Sweeney v Murphy, 39 A.D.2d 306, affd 31 N.Y.2d 1042 (1972) held this provision unconstitutional if one of the adjoining land owners did not keep animals on his land. Because of this, Town Law § 300 was amended by Chapter 560 of the Laws of 1974 to make the statute conform to the case law by eliminating the joint responsibility to erect and maintain a division fence in cases where one adjoining owner does not keep animals on that portion of his land which adjoins land of a neighbor who does keep animals on his land.
A practice sprang up immediately after the court decision and the 1974 amendment in situations where a division fence needed repair and major maintenance or replacement, whereunder a farmer with a field in which he kept animals on one side of a dilapidated division fence would stop using that field for his animals and his neighbor, to protect his own animals or avoid damage claims under Town Law Article 18 (§§ 300-327) and from the general public, would have to erect, repair or maintain the fence himself, after which the first farmer would start using the field again but without having had to contribute to the fencing cost.
This led to another amendment of Town Law § 300 made by Chapter 464 of the Laws of 1976, and that section now provides that, unless otherwise agreed, a land owner such as farmer B, who erects or repairs a division fence, is entitled to recover from such an owner of an adjoining tract as farmer A, 20% of the proportionate cost thereof for each year or part thereof in which the adjoining tract is used for keeping animals within five years after the erection or repair of the division fence. The Senator and Assemblyman sponsoring the bill making the amendment in 1976 each submitted a memorandum explaining the purpose of the bill and the reason the bill was introduced. These memoranda each contained the following statement:
 "The new law has raised new inequities in that it is now possible for a landowner to withdraw cattle from his land surrounded by a division line fence in need of repair, wait for the adjoining owner who keeps cattle to make the repairs and then send his cattle back to the land and reap the benefits of a new fence."
Based upon the legislative history, it is our opinion that an "adjoining tract of land" as that expression is used in Town Law § 300, does not necessarily include a whole farm or an area of land in identical ownership; it includes only that portion thereof which, if animals are kept thereon, is in such a location and condition that the animals would stray onto the land of an adjoining landowner if there is no division fence or if the division fence is in need of repair; and in the factual situation you describe, farmer A has no present obligation to repair and maintain the division fence.