**STREVELL–PATERSON CO., INC.,**
**Plaintiff and Respondent,**

v.

**Michael R. FRANCIS, Defendant**
**and Appellant.**

No. 17598.

Supreme Court of Utah.

May 12, 1982.

Gary H. Weight, Provo, for defendant and appellant.

David J. Jordan, Danny C. Kelly, Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

This is an action by a creditor against a guarantor for amounts allegedly due on a written guarantee. The district court gave summary judgment enforcing the guarantee against the creditor. The issues on the guarantor's appeal are (1) whether there was a genuine issue of material fact as to whether the creditor orally released the guarantor and (2) whether the guarantor was discharged as a matter of law because the creditor, before seeking to enforce the guarantee, failed to exhaust his prior remedy by a commercially reasonable sale of property the debtor had given as security.

In early 1977, defendant and another individual executed a personal guarantee for the payment of all amounts due for goods Mountainland Sports had purchased or

would purchase from plaintiff (creditor). Defendant could terminate the guarantee by providing 30-days' written notice to plaintiff, but defendant would remain liable for all goods purchased before termination.

In April, 1978, the balance due from Mountainland to plaintiff for purchases on open account was embodied in a secured note. Identifying himself as "director," defendant signed both documents in behalf of Mountainland: an installment promissory note by which Mountainland agreed to pay plaintiff $14,990.95 with interest at 12% annually, and an agreement in which Mountainland granted plaintiff a security interest in all its present and future inventory and accounts receivable. Defendant now contends that he executed these two documents in return for plaintiff's orally releasing him from his personal guarantee, thereby relieving him from liability for any debts of Mountainland. Plaintiff denies that it ever gave such a release.

After Mountainland made only partial payment on its note, on June 5, 1979, plaintiff took a default judgment against Mountainland for $16,511.41, plus interest. The court also ordered that all assets of Mountainland be sold and the proceeds applied to the judgment. Without alleging any attempt to realize on its rights under this judgment, plaintiff then brought this separate action to recover the full amount of the Mountainland debt from defendant on his guarantee.

Defendant argues that the existence or nonexistence of plaintiff's oral release of the guarantee constitutes a genuine issue of material fact that prevented the granting of summary judgment. Even if an oral release were proven, however, it would be unenforceable as a matter of law under the Statute of Frauds, which provides that "[e]very promise to answer for the debt, default or miscarriage of another" "shall be void unless such agreement, or some note or memorandum thereof, is in writing subscribed by the party to be charged therewith." U.C.A., 1953, § 25–5–4(2). Under the clear terms of this statute, defendant's guarantee was required to be—as it was—in writing and signed by him.[1]

By the same token, the release or revocation of an agreement to answer for the debt of another must also be in writing. It is well settled that if an original agreement is within the Statute of Frauds, any subsequent agreement which alters or amends it must also satisfy the requirements of the Statute. *Zion's Properties, Inc. v. Holt*, Utah, 538 P.2d 1319, 1322 (1975); *Combined Metals, Inc. v. Bastian*, 71 Utah 535, 569, 267 P. 1020, 1032 (1928). The alleged oral release obviously does not meet those requirements of enforceability. Neither does defendant allege or prove any acts done in reliance on or as part performance of the oral release that would remove it from the operation of the Statute. Therefore, the existence or nonexistence of an oral release does not constitute a genuine issue of material fact, and the trial court correctly held that plaintiff was entitled to judgment on this issue as a matter of law.[2]

1. Defendant argues that the guarantee, and by implication the oral release of the guarantee, was specifically exempted from the Statute of Frauds by U.C.A., 1953, § 25–5–6(3), which states in pertinent part:
    A promise to answer for the obligation of another ... is deemed an original obligation of the promisor and need not be in writing ... [w]here the promise, being for an antecedent obligation of another, is made upon the consideration that the party receiving it cancel the antecedent obligation, accepting the new promise as a substitute therefor ....
    The quoted statute is inapplicable to this case since neither party argues that the guarantee cancelled Mountainland's existing obligation for goods received by it from plaintiff. In giving his guarantee, defendant did not substitute himself for Mountainland as sole debtor, nor did plaintiff, in receiving defendant's guarantee, agree to cancel the debt accumulated by Mountainland and look exclusively to defendant for payment.

2. This conclusion makes it unnecessary to address defendant's argument that the parol evidence rule should not exclude evidence of the oral release.
    Defendant also argues that the release was part of an accord and satisfaction, whereby Mountainland reduced its existing debt to writing in exchange for plaintiff's oral release of defendant's guarantee. But even so, the writing would only constitute consideration for the

Defendant next contends that any judgment against him as guarantor is barred by the rule in *FMA Financial Corp. v. Pro-Printers,* Utah, 590 P.2d 803 (1979), that a guarantor is a "debtor" under Article 9 of the Uniform Commercial Code and is therefore entitled to reasonable notice of the nature and time of any disposition of the secured property. U.C.A., 1953, § 70A–9–504(3). Defendant argues that since plaintiff has not alleged any sale of the secured property and has failed to notify him of any intended disposition, plaintiff is precluded from obtaining judgment against him personally on his guarantee.

Our decision in *Pro-Printers, supra,* is inapposite to the facts in this case. In *Pro-Printers,* we barred a deficiency judgment against guarantors where the creditor already had repossessed the secured property and sold it at a private sale in a manner which was not commercially reasonable. The creditor had failed to give the guarantors notification of the sale, making it impossible for them to protect their subrogation rights and other interests in the outcome of the sale. The rule in *Pro-Printers* defines the duties of creditors who repossess collateral. In contrast, the instant case presents a threshold issue not decided in *Pro-Printers, i.e.,* whether a creditor must exhaust its remedies against the debtor and the secured property before commencing an action directly against the guarantor.

As we said in *Westinghouse Credit Corp. v. Hydroswift Corp.,* Utah, 528 P.2d 156, 158 (1974), whether a creditor has a duty to pursue the debtor or the security as a precondition to action against the guarantor "depends on the nature of the guarantor's promise." In that case, we found no such duty where the agreement provided that the guarantor "does unconditionally guarantee the payment, not merely the collection, of all indebtedness . . . ." Thus, a *guarantee of payment* is absolute, and the guaranteed party need not fix its losses by pursuing its remedies against the debtor or the security before proceeding directly against the guarantor. *North Park Bank of Commerce v. Bottum,* Utah, 645 P.2d 620; *Westinghouse Credit Corp. v. Hydroswift Corp., supra; Hallstrom v. Buhler,* 14 Utah 2d 111, 378 P.2d 355 (1963).

In contrast, a *guarantee of collection* is conditional only, the guarantor's liability being dependent upon the creditor's first exhausting its remedies against the debtor and any security before resorting to action against the guarantor. *State Bank of Burleigh County v. Porter,* N.D., 167 N.W.2d 527 (1969); *Robey v. Walton Lumber Co.,* 17 Wash.2d 242, 135 P.2d 95 (1943). *See also,* 38 Am.Jur.2d, Guaranty §§ 22, 106, 110–11, 114 (1968).[3]

The guarantee at issue in this appeal[4] is an absolute guarantee of payment,

---

oral release. That the oral release was given for consideration does not advance defendant's argument, since the object and effect of the Statute of Frauds is to impose a requirement in addition to the common law requirement that an enforceable promise must be supported by consideration: namely, that the promise must be in writing. 73 Am.Jur.2d, Statute of Frauds § 514 (1974). Hence, even though given for consideration, an oral release is unenforceable as violative of the Statute of Frauds. *Walton v. Piqua State Bank,* 204 Kan. 741, 751–52, 466 P.2d 316, 325–26 (1970).

3. The law of commercial paper employs an analogous distinction between the endorsements "payment guaranteed" and "collection guaranteed" on negotiable instruments. *See* section 3–416(1) and (2) of the Uniform Commercial Code, U.C.A., 1953, § 70A–3–416(1) and (2). *See also, Broun v. Bank of Early,* 243

Ga. 319, 253 S.E.2d 755 (1979); *Floor v. Melvin,* 5 Ill.App.3d 463, 283 N.E.2d 303 (1972); *Brown University v. Laudati,* 113 R.I. 299, 320 A.2d 609 (1974); *Lutz v. Gatlin,* 22 Wash.App. 424, 590 P.2d 359 (1979); 11 Am.Jur.2d, Bills and Notes § 534 (1963); Annot. 10 A.L.R. 4th 897 (1981).

4. We [defendant and other individual] hereby guarantee and hold ourselves *personally responsible for the payment at maturity of the purchase price* of all such goods, wares and merchandise so sold and delivered whether evidenced by open account or note . . . . [I]f the Strevell Paterson Company shall receive evidences of indebtedness, we hereby waive the protest of such notes, or other evidence of indebtedness and notice or non-payment thereof . . . . [Emphasis added.]

not a mere guarantee of collection. It contains no express or implied condition on liability and no contractual requirement that the creditor seek satisfaction elsewhere before commencing action on the guarantee. The fact that the creditor obtained a judgment against the debtor but failed to allege execution on that judgment or exhaustion of his remedies against the debtor or the security does not alter the nature of the guarantor's independent obligation as a guarantor.

The district court was correct in holding that defendant is personally liable as a matter of law for Mountainland's entire debt to plaintiff. The summary judgment for plaintiff is affirmed. Costs to respondent.

HALL, C. J., and STEWART, HOWE and DURHAM, JJ., concur.