SURETY LIFE INSURANCE CO., a Utah corporation, and Allstate Insurance Co., a foreign corporation, Plaintiffs and Appellees,

v.

H. Fred SMITH, Robert S. Halander, and Ronald W. Smith, Defendants and Appellants.

No. 940095.

Supreme Court of Utah.

March 1, 1995.

Jay W. Butler, Clark W. Sessions, Salt Lake City, for plaintiffs.

L. Benson Mabey, Salt Lake City, for defendants.

DURHAM, Justice:

Defendants H. Fred Smith, Robert S. Halander, and Ronald W. Smith (collectively the "Smiths") appeal the trial court's grant of summary judgment in favor of plaintiffs Surety Life Insurance Company and its successor in interest Allstate Life Insurance Company (collectively "Surety"). The Smiths claim that the trial court misconstrued section 57–1–32 of the Utah Code in granting summary judgment and that as guarantors they were protected by the statute. We agree and reverse.

The Smiths are the general partners of a general partnership, Smith, Halander, Smith & Associates ("SHS"). In 1985, SHS obtained a construction and permanent loan from Surety for a new office-warehouse building. As partners of SHS, the Smiths signed a promissory note in the principal sum of $1,300,000, a trust deed, and related loan documents. As individuals, the Smiths also signed guarantee agreements, personally guaranteeing the partnership's obligations. The note and related loan documents were subsequently amended to increase the principal amount of the note to $1,540,000.

In 1988, Surety declared a default and proceeded with a nonjudicial foreclosure of the property. Surety was the only bidder at the trustee's sale and acquired the property for a credit bid of $1,536,000. On the date of the trustee's sale, the undisputed fair market value of the property was $1,860,000, and the total unpaid balance on the promissory note was $1,839,000. Surety nonetheless claimed a deficiency of $303,000 and brought this action against the Smiths as guarantors to recover the alleged deficiency, plus interest, attorney fees, and costs. The trial court awarded summary judgment against the Smiths for approximately $430,000. The Smiths appeal.

■ Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993). Because summary judgment presents a question of law, we accord no deference to the trial court's determination of the issues presented. *Id.* "We determine only whether the trial court erred in applying the governing law and whether the trial court correctly held that there were no disputed issues of material fact." *Ferree v. State*, 784 P.2d 149, 151 (Utah 1989) (citations omitted).

The Smiths contend that the trial court erred in holding that separate guarantee agreements are not subject to the protections of the Utah Trust Deed Act (the "Act"), Utah Code Ann. §§ 57–1–19 to –36.[1] The Act provides a nonjudicial foreclosure procedure for trustees when the trustor has defaulted on the obligation. *Id.* §§ 57–1–23 to –32. Because the Act does not provide the borrower with any right of redemption, it protects the borrower by another means: if the lender purchases the trust deed property in a nonjudicial foreclosure at less than its fair market value and then uses the Act to collect a deficiency, the lender must credit the fair market value of the property against the borrower's debt. *Id.* § 57–1–32. In short, the Act prevents trust deed lenders from obtaining excessive recoveries. In addition to the fair market value offset requirements, the Act has a three-month statute of limitations. *Id.* The Smiths claim that Surety had no right under the Act to collect a deficiency from them without application of the

---

1. The relevant portion of the Utah Trust Deed Act, the trust deed deficiency statute, provides:
   At any time within three months after any sale of property under a trust deed, as hereinabove provided, an action may be commenced to recover the balance due upon the obligation for which the trust deed was given as security, and in such action the complaint shall set forth the entire amount of the indebtedness which was secured by such trust deed, the amount for which such property was sold, and the fair market value thereof at the date of sale. Before rendering judgment, the court shall find the fair market value at the date of sale of the property sold. The court may not render judgment for more than the amount by which the amount of the indebtedness with interest, costs, and expenses of sale, including trustee's and attorney's fees, exceeds the fair market value of the property as of the date of the sale. In any action brought under this section, the prevailing party shall be entitled to collect its costs and reasonable attorney fees incurred in bringing an action under this section.
   Utah Code Ann. § 57–1–32.

fair market value credit. Further, the Smiths claim that under the Act, Surety was required to file this deficiency action within three months of the property sale.[2]

 When faced with an issue of statutory construction, we look first to the plain language of the statute and assume that each of its terms was used advisedly. *K & T, Inc. v. Koroulis*, 888 P.2d 623, 625–27 (Utah 1994). The language is therefore read literally unless such a reading proves to be unreasonably confused or inoperable. *Id.*

The Smiths argue that the Act's protections apply to any action to recover deficiencies, regardless of who the defendant is. In short, they contend, the Act protects more than just borrowers; it protects all parties, including guarantors, who may be liable for a deficiency.

 Surety, on the other hand, argues that the trial court was correct in holding that the Act's protections do not apply to guarantors. Surety directs us to *Strevell–Paterson Co. v. Francis*, 646 P.2d 741 (Utah 1982), in which we stated that a guarantor's obligation is separate and distinct from a debtor's obligation. *Id.* at 744. The fact that a creditor fails to exhaust remedies against the debtor "does not alter the nature of the guarantor's independent obligation as a guarantor." *Id.* Citing this principle, Surety asserts that the Smiths' obligations as guarantors are not "obligations for which the trust deed was given as security." Because this deficiency action is based on the guarantees, not on the trust deed note, Surety argues, the Act's limitations should not apply to this case.

 Although Surety's assertion is correct to the extent that the Smiths' obligations as guarantors are not obligations for which the trust deed was given as security, this distinc-

tion has no relevance under section 57–1–32. The Act does not concern itself with which contract or instrument the action is founded on. Rather, the issue is whether the action is one "to recover the balance due upon the obligation for which the trust deed was given as security." Utah Code Ann. § 57–1–32. It is clear from the plain language of the Act that its protections apply to *any action* to recover the balance due on the obligation secured by a trust deed, following a nonjudicial foreclosure sale.[3] The Act makes no distinction as to whether the action is brought against the debtor or a guarantor.

 Because the case brought by Surety is an action to recover the balance due on the indebtedness secured by the trust deed, it is the very type of action contemplated by the Act. Accordingly, the Act's three-month statute of limitations applies to bar Surety from bringing this deficiency action. Moreover, had this action been timely filed, the Act's fair value credit would have required Surety to credit the fair market value toward the deficiency, thereby preventing Surety from receiving a double recovery from the Smiths as either guarantors or debtors.

We therefore reverse and remand to the trial court for entry of judgment in accordance with this opinion and for determination of reasonable attorney fees as provided for by the Act.[4]

ZIMMERMAN, C.J., STEWART, Associate C.J., HOWE, J., and STANTON M. TAYLOR, District Judge, concur.

RUSSON, Justice, having disqualified himself, does not participate herein; STANTON M. TAYLOR, District Judge, sat.

---

2. On November 1, 1988, Surety purchased the property at the trustee's sale. On March 24, 1989, more than three months after the trustee's sale, Surety commenced this deficiency action against the Smiths.

3. In accordance with this result, we overrule *Surety Life Insurance Co. v. Rupp*, 833 P.2d 366 (Utah Ct.App.1992), to the extent that it is inconsistent with our holding today. In *Surety*, the court of appeals was incorrectly focusing on

which agreement the deficiency action was founded on when it concluded that section 57–1–32 does not apply to an action under a separate guarantee agreement. *Id.* at 370 n. 3.

4. Section 57–1–32 provides that "the prevailing party shall be entitled to collect its costs and reasonable attorney fees incurred in bringing any action under this section." Utah Code Ann. § 57–1–32.